SEALED BY ORDER OF THE COURT
CR 15 00034
EJD
HRL
E-filing
Filed
JAN 14 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

THE UNITED STATES OF AMERICA

vs.

**CHRISTIAN REIMER STUKENBROCK,**
a/k/a Reimar Stuckenbrock, a/k/a Reymar Stukenbrock, a/k/a Reimar Christian Heinrich Julius Stuckenbrock, a/k/a Christian Stukenbrock

## INDICTMENT

**Counts One - Nine:**   18 U.S.C. § 1343 – Wire Fraud

*A true bill.*

_____
Foreperson

Filed in open court this 14th day of January A.D. 2015

_____
United States Magistrate Judge

Bail. $ _no bail/ arrest warrant_



SEALED BY ORDER OF THE COURT

E-filing

1 MELINDA HAAG (CABN 132612)
United States Attorney

Filed
JAN 14 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 15 00034 EJD HRL |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)-- Forfeiture |
| v. | |
| CHRISTIAN REIMER STUKENBROCK, a/k/a Reimar Stuckenbrock, a/k/a Reymar Stukenbrock, a/k/a Reimar Christian Heinrich Julius Stuckenbrock, a/k/a Christian Stukenbrock | |
| Defendant. | SAN JOSE VENUE |

INDICTMENT

The Grand Jury charges that, at all relevant times:

1. CHRISTIAN REIMER STUKENBROCK was a resident of Los Altos Hills, California, and held himself out to be the Managing Director and President of Silicon Valley Technology Group.

2. Silicon Valley Technology Group (SVTG) was an entity originally founded in 2000 by STUKENBROCK, and another individual who resigned in 2002. STUKENBROCK represented SVTG to be a venture capital firm focusing on Silicon Valley start-up companies.

INDICTMENT

3. The FEDWIRE system is an electronic funds transfer and book-entry securities transfer service that links twelve Federal Reserve Banks with approximately 10,000 depository institutions nationwide. Every funds transfer sent through FEDWIRE automatically triggers an electronic wire communication to the Funds Transfer Host Application located in East Rutherford, New Jersey, for registration before being transferred to its final destination. As such, all wires alleged in this indictment that used FEDWIRE, were in interstate and foreign commerce.

4. The Clearing House Interbank Payments System (CHIPS) is the nation's main electronic funds transfer system for processing international United States dollar funds transfers made between international banks. CHIPS participants are required to have a banking office in the United States. All wires alleged in this indictment that used CHIPS were in interstate and foreign commerce.

### The Scheme to Defraud

5. Beginning in 2007 and continuing through at least 2012, STUKENBROCK engaged in a scheme and artifice to defraud at least one investor, "GF," and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises by promising to invest money in specified companies on behalf of GF and instead diverting a large share of the investment monies to himself.

6. Between 2007 and 2011, GF provided STUKENBROCK, through STUKENBROCK's company SVTG, with almost $22 million for the purpose of investing that money in identified partner companies. STUKENBROCK promised to invest all the money in the partner companies, save for at most 5% of the investment funds, which he represented would be used for the operating expenses of SVTG.

7. In fact, STUKENBROCK invested a net amount of only about $11.2 million of GF's approximate $22 million in the specified companies. He diverted approximately $8.5 of the investment funds to his own use.

8. Prior to making an investment, GF would execute a Stock Purchase Agreement (SPA) with STUKENBROCK, in which GF would purchase shares of SVTG. STUKENBROCK represented that in exchange for GF's purchase of SVTG stock, SVTG would invest the agreed-upon amount in the partner company named in the SPA.

9. As part of his scheme, STUKENBROCK solicited almost $22 million from GF for investments in at least seven companies, including: Albutec, GmBH, a German Company which produced blood purification machines; Protech Services, Inc., a company developing agricultural waste water treatment technology; Solar Power Partners, an independent solar power producer and distributer; Ticket Out Film Partners, a limited liability company developing a motion picture regarding domestic abuse; Ready Solar, a company providing residential solar technology; Shadow Mountain, a company providing construction management services; and Clean Mobile AG, a German company that produced and developed customer-specific drive systems and components for pedelecs, e-Bikes, and electric cargo vehicles.

10. STUKENBROCK invested a net amount of only about $11.2 million of GF's money in these seven companies. Rather than invest the money as promised, he used approximately $8.5 million for his own personal benefit, including: to pay for his housing; to support his own businesses, including True Exotic, a company that rented out high-end cars; and for other uses not related to the business of SVTG or the seven partner companies.

<u>COUNTS ONE THROUGH NINE</u>:         (18 U.S.C. § 1343 – Wire Fraud)

11. Paragraphs 1 through 10 are realleged and incorporated as if fully set forth here.

12. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

CHRISTIAN REIMER STUKENBROCK,

for the purpose of executing a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, and pictures, specifically electronic funds transfers, from GF to bank accounts held for the benefit of SVTG and from SVTG to accounts controlled by STUKENBROCK, as indicated below:

//

//

INDICTMENT                                    3

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 1 | 02/26/2010 | $22,000 | SVTG's account at UBS in New York (via FEDWIRE) | True Exotic's account at Union Bank in California |
| 2 | 3/11/2010 | $280,000 | GF's account at China Trust in Hong Kong (via CHIPS for Ticket Out) | SVTG's account at UBS in New York |
| 3 | 05/07/2010 | $250,000 | GF's account at China Trust in Hong Kong (via CHIPS for ProTech) | SVTG's account at UBS in New York |
| 4 | 10/12/2010 | $235,482.50 | GF's account at China Trust in Hong Kong (via CHIPS for Ticket Out) | SVTG's bank account at UBS in New York |
| 5 | 10/12/2010 | $15,000 | SVTG's account at UBS in New York (via FEDWIRE) | True Exotic's account at Union Bank in California |
| 6 | 10/26/2010 | $50,000 | SVTG's account at UBS in New York (via FEDWIRE) | True Exotic's account at Bank of America in California |
| 7 | 1/14/2011 | $35,000 | SVTG's account at UBS in New York (via FEDWIRE) | True Exotic's account at Bank of America in California |
| 8 | 02/08/2011 | $150,250 | GF's account at China Trust in Hong Kong (via CHIPS for Solar Power Partners) | SVTG's account at UBS in New York |
| 9 | 06/06/2011 | $36,500 | SVTG's account at UBS in New York (via FEDWIRE) | True Exotic's account at Bank of America in California |

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

13. Paragraphs 1 through 10, and the transactions alleged in each of Counts One through Nine, are realleged as if fully set forth here.

14. Upon a conviction of any of the offenses alleged in Counts One through Nine, the defendant,

CHRISTIAN REIMER STUKENBROCK,

shall forfeit to the United States all property constituting and derived from proceeds traceable to violations of Title 18, United States Code, Section 1343 (Wire Fraud), as alleged in Counts One through Nine of this Indictment.

\\

\\

INDICTMENT                                              4

15. If any of the forfeitable property, as a result of any act or omission of the defendant:

    a) cannot be located upon the exercise of due diligence;
    b) has been transferred or sold to or deposited with a third person;
    c) has been placed beyond the jurisdiction of the Court;
    d) has been substantially diminished in value; or
    e) has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

    All in violation of Title 18, United States Code, Section 1343 (Wire Fraud), Title 18, United States Code, Section 981 (a)(1)(C) and Title 28, United States Code, Section 2461(c).

DATED:                                                          A TRUE BILL.

                                                                                               FOREPERSON

MELINDA HAAG
United States Attorney

_____
JEFFREY D. NEDROW
Chief, San Jose Branch

(Approved as to form: _____)
                        AUSA ROSEN

INDICTMENT                                      5

AO 257 (Rev. 6/78)

SEALED BY ORDER OF THE COURT

E-filing

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

— OFFENSE CHARGED —

18 U.S.C. § 1343 - Wire Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
20 years imprisonment
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 special assessment fee

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

— DEFENDANT - U.S —

▶ CHRISTIAN REIMER STUKENBROCK

DISTRICT COURT NUMBER
**CR 15 00034**

Filed JAN 14 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

EJD
HRL

— DEFENDANT —

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

— PROCEEDING —

Name of Complainant Agency, or Person (& Title, if any)
**FBI**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   **MELINDA HAAG**
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   **AUSA Amber Rosen**

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                   Before Judge:

Comments: