UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>CHRISTIAN REIMER STUKENBROCK,<br><br>   Defendant. | Case No. 5:15-cr-00034-EJD-1 (HRL)<br><br>**ORDER GRANTING MOTION TO QUASH BANK SUBPOENAS**<br><br>Re: Dkt. No. 63 |

Defendant Christian Reimer Stukenbrock is charged with 9 counts of wire fraud in violation of 18 U.S.C. § 1343. He allegedly deceived one George Fiegl into giving him over $20 million for investment purposes and then diverted approximately half of those funds for his own personal use and benefit.

Stuckenbrock obtained leave of court to serve subpoenas on several of Fiegl's banks---namely, JPMorgan Chase, Chinatrust Bank, and Charles Schwab. Each of the subpoenas in question seeks the same documents: All information pertaining to Fiegl's account at each institution from December 15, 2005 through August 31, 2016. Fiegl moves to quash the subpoenas, arguing that they lack specificity and seek irrelevant and highly personal information. Defendant opposes the motion, and defense counsel submitted an additional ex parte supporting

declaration.[1]  Upon consideration of the moving and responding papers, as well as the oral arguments presented, this court grants the motion to quash.[2]

Preliminarily, this court observes that the pending motion to quash appears to be moot as to Chinatrust Bank.  Defendant says that Chinatrust Bank advised that it has no means of complying with the subpoena because the subject account is in Hong Kong.  This order, therefore, focuses only on JPMorgan Chase and Charles Schwab.[3]

Fed. R. Crim. P. 17(c) governs the issuance of subpoenas duces tecum in federal criminal cases and provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1).  "The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Id.  "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

A Rule 17 subpoena duces tecum "was not intended to provide a means of discovery for criminal cases." United States v. Nixon, 94 S. Ct. 3090, 3103 (1974).  Rather, "its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials." Id.  "Consistent with that limited purpose," a party seeking leave to issue a subpoena must show "'(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the

---

[1] The ex parte declaration of Robert Carlin, submitted on November 21, 2016, shall be placed in the court's sealed files.

[2] This court ruled that the government did not have standing to bring a motion to quash these subpoenas.  The hearing on Fiegl's motion was held outside the government's presence.  And, portions of the hearing were conducted ex parte with the defense, outside the presence of Fiegl and his counsel.

[3] In response to the subpoena served on it, Charles Schwab evidently produced records to defense counsel, who delivered them (without opening or reading them) to the court to hold pending resolution of the present motion to quash.  (See Dkt. 64).  There is a suggestion in the present briefing that JPMorgan Chase either has or will also produce responsive documents to the court.

application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Rajaratnam, 753 F. Supp.2d 317, 320 (S.D.N.Y. 2011) (quoting Nixon, 94 S. Ct. at 3103). "In other words, under the test adopted by the Supreme Court in *Nixon*, the proponent of a subpoena returnable before trial 'must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.'" Id. (quoting Nixon, 94 S. Ct. at 3103). On a motion to quash, a court must revisit the Nixon factors in determining whether compliance with a subpoena will be unreasonable or oppressive. The decision whether to enforce or quash a subpoena lies within the court's discretion and will not be disturbed unless clearly arbitrary or without support in the record. Nixon, 94 S. Ct. at 3104.

In assessing relevance, the court must determine whether the requested material "has any tendency to make a fact more or less probable than it would be without the evidence" and whether that "fact is of consequence in determining the action." Fed. R. Evid. 401; United States v. Libby, 432 F. Supp.2d 26, 31 (D.D.C. 2006). The determination of admissibility "is largely governed by the Federal Rules of Evidence." Libby, 432 F. Supp.2d at 31 (citing Fed. R. Evid. 401-415, 801-807). "Admittedly, it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents; therefore, if a document is arguably relevant and admissible under the Rules of Evidence, the *Nixon* 'evidentiary' requirement is likely satisfied." Id. As for the specificity requirement, the proponent of a subpoena cannot be expected to designate each particular paper sought or to describe the contents of the requested materials in exacting detail. Nixon, 94 S. Ct. at 3103; Reyes, 239 F.R.D. at 599. Nevertheless, the specificity requirement "is not satisfied if the defendants do not know what the evidence consists of or what it will show. The mere hope that the documents sought will produce favorable evidence is not sufficient." United States v. Lee, No. 5:06-cr-0424 JW (RS), 2009 WL 724042, at *6-7 (N.D. Cal., Mar. 18, 2009) (citation omitted).

Fiegl contends that the subpoenas are overbroad and that the only conceivably relevant documents are those pertaining to the specific wire transactions through which defendant allegedly misappropriated the funds—records that, Fiegl says, defendant already has. Stuckenbrock now states that he has no objection to narrowing the subpoena in time, i.e., from 2007 or 2008 through

3

2012. But, while defendant previously indicated that he needed information only about incoming deposits, at the November 28 hearing he stated a renewed interest in outgoing transactions as well. Having considered defendant's explanations provided in defense counsel's sealed declarations and during the ex parte portions of the November 28 motion hearing, this court concludes that the requested documents are not relevant. Moreover, "[g]enerally the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." Nixon, 94 S. Ct. at 3104. And, even if the subpoenas were narrowed in time as offered by defendant, he has not demonstrated specificity. Instead, it appears that he seeks very broad information about Fiegl's bank accounts merely with the hope of finding something helpful. See Reyes, 239 F.R.D. at 606 ("A specific theory of defense, however, is not the same thing as request for specific information. Rule 17(c) demands the latter, and [defendant]'s subpoena provides only the former.").

Based on the foregoing, Fiegl's motion to quash the bank subpoenas is granted.[4]

SO ORDERED.

Dated: December 9, 2016

HOWARD R. LLOYD
United States Magistrate Judge

---

[4] Any non-party documents that have been submitted to the court will be placed in the court's sealed files.

4

5:15-cr-00034-EJD-1 Notice has been electronically mailed to:

Amber S. Rosen     amber.rosen@usdoj.gov, caseview.ecf@usdoj.gov

Dawn Cherie Sweatt     dawn.sweatt@berliner.com, rebecca.flores@berliner.com

Frank R. Ubhaus     frank.ubhaus@berliner.com, liz.catabelle@berliner.com, Nicole.Matheson@berliner.com

John Curtis Bostic     john.bostic@usdoj.gov, laurie.worthen@usdoj.gov

Robert Michael Carlin     robert_carlin@fd.org, mara_goldman@fd.org, mary_Jane_Snyder@fd.org, susie_barrera@fd.org

Sara Louise Pollock     sara.pollock@berliner.com, liz.catabelle@berliner.com