UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTIAN REIMER STUKENBROCK,<br>Defendant. | Case No. 5:15-cr-00034-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS**<br><br>Re: Dkt. No. 133 |

Presently before the court is a Motion for Bill of Particulars filed by Defendant Christian Stukenbrock. Dkt. No. 133. Having considered the parties' pleadings along with the arguments made at the hearing on June 18, 2018, the court will deny Defendant's motion for the reasons explained below.

## I. BACKGROUND

Defendant is charged with nine counts of wire fraud in violation of 18 U.S.C. § 1343 pursuant to an Indictment filed on January 14, 2015. Dkt. No. 1. These charges stem from Defendant's involvement in a company he founded, Silicon Valley Technology Group ("SVTG"), which Defendant represented "to be a venture capital firm focusing on Silicon Valley start-up companies."

More specifically, the Government alleges that between 2007 and 2012, Defendant implemented a scheme to defraud an investor, who is known in the Indictment as "GF." Defendant solicited almost $22 million from GF with the expectation that Defendant would invest the funds in at least seven companies. These funds were electronically transferred from GF's accounts to accounts held for the benefit of SVTG and Defendant.

Case No.: 5:15-cr-00034-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS
1

Defendant, however, only invested $11.2 million in those companies. As for the remaining $8.5 million, the Government alleges Defendant used it to pay for personal expenses and other matters unrelated to the business of SVTG and or the seven partner companies.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." A bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense and is "designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984). The trial court has broad discretion to require or decline to order a bill of particulars. Long, 706 F.2d at 1054; Will v. United States, 389 U.S. 90, 99 (1967).

The Ninth Circuit has held that when deciding whether to order a bill of particulars, "a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." Long, 706 F.2d at 1054. However, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce." United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979) (internal citations omitted). The purposes of a bill of particulars are served when "the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." Mitchell, 744 F.2d at 705.

## III. DISCUSSION

The court has carefully reviewed the five-page Indictment in connection with this motion. The court observes that paragraphs 5 through 10 of the Indictment describe in some detail Defendant's alleged scheme to defraud GF, which scheme is not particularly complex or difficult to comprehend. Paragraphs 11 and 12 then list the charges against Defendant and provide additional details about the alleged scheme. For example, Paragraph 12 includes a chart providing the date, monetary amount, and bank accounts associated with each count of wire fraud. Reading

the Indictment as a whole, the court finds the pleading and supplementary discovery adequately advised Defendant of the charges with information sufficient to prevent surprise at trial, to protect against double jeopardy, and to aid Defendant in the preparation of a defense. See Long, 706 F.2d at 1054; see also Mitchell, 744 F.2d at 705.

Defendant appears to argue the Indictment is inadequate because the Government has not alleged or disclosed specific statements that GF made to Defendant regarding misrepresentations. To that end, Defendant indicated at the hearing that the Government failed to identify any statements or surrounding details, including when and where those statements were made, and whether anyone was a witness to those statements. Under these circumstances, Defendant argues that either the Government's case lacks evidence or that he will be surprised at trial with evidence that should have been produced by the Government.

For its part, the Government confirmed that all information it received by way of investigation and discovery has been provided to Defendant, and has no further materials not already disclosed to Defendant. This includes statements from the victim, GF, which were memorialized in FBI 302 forms. The Government argues that despite these statements, it is unaware exactly how GF will testify, rendering the chance of surprise at trial a mutual issue. Furthermore, the Government represents it does not possess the type of additional statements sought by Defendant.

Keeping in mind that Defendant is not entitled to know all the evidence the Government intends to produce, and "is not entitled to know the content of the testimony of each of the government witnesses before trial" (United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986)), the court will at this time take the Government at its word; that is, it accepts the Government's representation that all information in its possession related to any statements has been disclosed to Defendant. Defendant's argument, therefore, does not persuade the court that a bill of particulars is necessary.

However, the court also orders the Government to immediately disclose to Defendant any additional material it discovers or otherwise receives. To comply with the order, neither the

Case No.: 5:15-cr-00034-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS
3

Government nor its agents may refrain from memorializing any information it has or may obtain. Instead, the Government and its agents shall take all steps necessary to insure the information is documented in a manner such that it can be provided to Defendant before trial.

Defendant's argument concerning statements, though understandable, does not justify a bill of particulars. Accordingly, his motion will be denied in light of the court's finding the Indictment along with the discovery provided to Defendant provided adequate notice.

## IV. ORDER

Defendant's Motion for Bill of Particulars (Dkt. No. 133) is DENIED.

**IT IS SO ORDERED.**

Dated: June 26, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00034-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS
4