Matthew J. Jacobs (SBN 171149)
  mjacobs@velaw.com
Erica Connolly (SBN 288822)
  econnolly@velaw.com
Adam Crider (SBN 305526)
  acrider@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900
Facsimile: (415) 651-8786

Jennifer S. Freel (admitted *pro hac vice*)
  jfreel@velaw.com
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: (512) 542-8535
Facsimile: (512) 236-3200

Attorneys for Defendant
Christian Reimer Stukenbrock

**PUBLIC REDACTED VERSION**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN REIMER STUKENBROCK,<br><br>Defendant. | Case No. CR-15-00034-EJD (VKD)<br><br>**NOTICE OF MOTION AND DEFENDANT CHRISTIAN STUKENBROCK'S MOTIONS IN LIMINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Judge:   Hon. Edward J. Davila<br>Date:    November 13, 2018<br>Time:    10:00 a.m.<br>Dept.:    Courtroom 4 |

## NOTICE OF MOTIONS IN LIMINE AND MOTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT on November 13, 2018 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Edward J. Davila, Defendant Christian Stukenbrock will and hereby does move the Court for an order to prevent the government from making reference to, commenting upon, introducing any evidence or testimony concerning, or presenting any argument regarding:

- "Other act" evidence (**Motion in Limine No. 1**);
- Prior civil judgments and judicial findings of fact (**Motion in Limine No. 2**);
- Mr. Stukenbrock's immigration status (**Motion in Limine No. 3**); or
- Legal opinions obtained by or on behalf of George Fiegl ("Fiegl") relating to or referencing Mr. Stukenbrock (**Motion in Limine No. 4**).

This motion is supported by the attached memorandum of points and authorities; the files and records in this case; and such evidence or argument presented at a hearing on this matter.

VINSON & ELKINS LLP

Dated: November 6, 2018

By: *Matthew J. Jacobs*
Matthew J. Jacobs
Attorney for Defendant
CHRISTIAN REIMER STUKENBROCK

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This is not your typical fraud case where there are written, documented misrepresentations. The five-page, bare bones Indictment charges defendant Christian Stukenbrock with nine counts of wire fraud (18 U.S.C. § 1343) in connection with his operation of an investment company ("SVTG") into which the only alleged victim, George Fiegl, invested approximately $22 million in 49 transactions over a period of roughly five years. According to the prosecution, Mr. Stukenbrock "promised" to invest a specific amount of the money Fiegl invested in SVTG in identified, third-party "partner" companies. Mr. Stukenbrock did invest substantial sums in the companies in question, but less than the amount Fiegl claims should have been invested.

Notably, each of Fiegl's 49 investments in SVTG was made pursuant to a written stock purchase agreement ("SPA"), and each of those SPAs contained a "Use of Proceeds" provision providing that SVTG "will use the funds received from the Investors for market development, acquisitions and general operating expenses." In other words, Mr. Stukenbrock, as manager of SVTG, had broad discretion over SVTG's use Fiegl's funds, and SVTG was not required to invest any particular amount in any particular company. The SPAs thus do not provide a basis for the misrepresentations the prosecution alleges. In fact, the SPAs include express language disclaiming reliance by Fiegl on any representations other than those in the four corners of each SPA, undermining Fiegl's allegations regarding his agreement with Mr. Stukenbrock.

Fiegl's statements to the FBI only underscore this point. The 302s of his interviews appear to reflect Fiegl's *understanding* of various *unwritten* terms of his agreement with SVTG, rather than promises that Mr. Stukenbrock allegedly made regarding the investments.

The government, therefore, must present a case in which the nine charges of wire fraud rise and fall on one individual, George Fiegl, their only witness to the alleged misrepresentations. Perhaps recognizing this weakness in its case, the government's discovery is rife with materials that are ancillary to the allegations underlying the charges in this case. Mr. Stukenbrock brings these motions in limine to exclude these categories of evidence so that Mr. Stukenbrock is ensured a fair trial, free of prejudice from issues unrelated and irrelevant to the core of question of this case:

whether George Fiegl is telling the truth that Mr. Stukenbrock made oral promises that contradict the only written agreements between them. Mr. Stukenbrock respectfully requests that the Court grant his Motions in Limine Nos. 1-4, as set forth below.

## II.   LEGAL STANDARD

Motions in limine are "designed 'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'"  *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *6 (N.D. Cal. Aug. 19, 2014) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n,* 563 F.Supp.2d 508, 532 (D.N.J. 2008)).  They are appropriate where, as here, the "mere mention of the evidence during trial would be highly prejudicial and would not be remedied by an instruction to disregard."  *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) (quoting *Black's Law Dictionary* 1109 (9th Ed.)).  When ruling on motions in limine, the Court has "broad discretion."  *Id.*

## III.   REQUESTS TO EXCLUDE EVIDENCE

### A.   The Court Should Exclude Unidentified "Other Acts" Evidence. [MIL No. 1]

Federal Rule of Evidence 404(b) prohibits the Government from introducing "other acts" evidence at trial unless the Government "provide[s] reasonable notice of the general nature of any such evidence . . . before trial – or during trial if the court, for good cause, excuses lack of pretrial notice."  Fed. R. Evid. 404(b)(2); *see also* Crim. L. R. 16-1(c) ("[T]he government shall disclose . . . a summary of any evidence of crimes, wrongs or acts which the government intends under F. R. Evid. 404(b)" before trial.).  This notice requirement is intended to prevent the government from "[lying] in wait and spr[inging] the 'other acts' evidence" on a defendant at trial.  *United States v. Vega*, 188 F.3d 1150, 1155 (9th Cir. 1999); *see also United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994) (explaining that, without adequate notice, "the trial court [is] simply unable to make the focused determination of relevance mandated" by Rule 404(b)).  Indeed, "[f]ailure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment."  *Vega*, 188 F.3d at 1153.

On March 2, 2018, Mr. Stukenbrock's counsel made a formal written request to the Government for a factual statement describing any evidence it intended to offer at trial pursuant to 404(b). Exh. 1 at p. 4. The Government has not given notice of its intent to introduce *any* "other acts" evidence pursuant to Rule 404(b).[1] Accordingly, the Government should be precluded from introducing any "other act" evidence.

### B. The Court Should Exclude Evidence Of Prior Civil Judgments And Judicial Findings Of Fact. [MIL No. 2]

In bringing this case, the government has picked a side in what is a civil dispute between Fiegl and Mr. Stukenbrock, a fact underscored by the numerous litigation documents fed to the government by Fiegl, his personal assistant Boris Budagyan, and Fiegl's civil litigation counsel at Baker & McKenzie. Among the litigation documents that Fiegl and his agents provided—and the government subsequently produced—are findings of fact and judgments that purport to speak on the dispute underlying this case. Evidence of those civil judgments and judicial findings of fact—or any civil judgment or findings of fact involving Mr. Stukenbrock—are inadmissible hearsay, unfairly prejudicial, and should be excluded.

A "court judgment is hearsay" if "it is offered to prove the truth of the matters asserted in the judgment.'" *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007); *see also United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011) (finding that a prior court order granting a habeas petition "was inadmissible hearsay because it was offered for its truth"). "It is even more plain that the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay." *Sine*, 493 F.3d at 1036. Moreover, civil judgments are not admissible as an exception to the hearsay rule. *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) ("[C]ivil judgments do not fit comfortably into any hearsay exception."). Here, judgments and findings of fact purporting to resolve allegations against

---

[1] In an April 9, 2018 discovery letter to Mr. Stukenbrock's counsel accompanying the government's production of Fiegl's tax records, the government included a general "Notice Re: FRE 404(b)" that "it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents[.]" Ex. 2 at p. 1. This perfunctory notice, which appeared in a cover letter to a production of documents about the alleged victim, does not satisfy the requirements of Rule 404(b) or Crim. L.R. 16-1(c).

Mr. Stukenbrock that mirror the government's charges can be offered only to try to establish the truth of those findings and judgments.

In addition to being inadmissible hearsay, introduction of the civil judgments and findings of fact would be highly prejudicial.  In the lawsuits between Fiegl and Stukenbrock, Fiegl's attorneys drafted the findings of fact, which were issued as part of default judgments against Mr. Stukenbrock.  The judgments were based on the preponderance of evidence standard of proof, rather than the reasonable doubt burden.  Moreover, in Fiegl's lawsuits against Mr. Stukenbrock, Mr. Stukenbrock was unrepresented at the time the court entered the judgment.  And, he was unaware that Fiegl and his agents were simultaneously providing the FBI with filings and depositions from the civil cases.

Given these circumstances, the probative value of civil judgments against Mr. Stukenbrock is "substantially outweighed" by their prejudicial effect.  Fed. R. Evid. 403.  Indeed, the Ninth Circuit has "determin[ed] that reference to facts found in a judicial opinion can unfairly prejudice a party . . . ."  *Sine*, 493 F.3d at 1034 (concluding that the use of a state court "opinion was violative of Rule 403").  This is because "jurors are likely to defer to findings and determinations . . . made by an authoritative, professional factfinder rather than determine those issues for themselves."  *Id*. at 1033; *see also U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001) (concluding that district court erred in admitting state court opinion because it was "unfairly prejudicial and misleading" and noting that "[t]he jury, not [the state court judge], was charged with making factual findings on [the] allegations in [the] case"); *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (ordering new trial because district court erred in admitting a prior judicial opinion and explaining that "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice"); 2 McCormick on Evidence § 298 (explaining that "juries may have difficulty grasping the distinction between a prior judgment offered as evidence and one that is conclusive").  The "risk that the jury would improperly rely on the [civil] judgment" is "exacerbate[ed]" where "the civil judgment and the criminal charges involve[] virtually identical conduct."  *United States v. Benjamin Brandon Grey*, 891 F.3d 1054, 1059 (D.C. Cir. 2018).

4

Accordingly, the government should be precluded from introducing any evidence of prior civil judgments and judicial findings of fact involving Mr. Stukenbrock.

### C. The Court Should Exclude Evidence Of Mr. Stukenbrock's Immigration Status. [MIL NO. 3]

Mr. Stukenbrock's immigration status as a legal permanent resident of the Unites States is not relevant to the charges in the indictment and references to his immigration status would be unfairly prejudicial. Accordingly, Mr. Stukenbrock requests, pursuant to Fed. R. Evid. 402 and 403, that references to his immigration status be excluded.

Rule 402 requires evidence to be relevant to be admissible. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the indictment charges Mr. Stukenbrock with nine counts of wire fraud. To prevail on its charges, the government must prove "(1) a scheme to defraud; (2) use of the wires in furtherance of scheme; and (3) a specific intent to deceive or defraud." *United States v. Shipsey*, 363 F.3d 962, 971 (9th Cir. 2004). Mr. Stukenbrock's status as a legal permanent resident bears no relevance to these elements. Notably, neither the indictment nor the government's response to the defense's request for a bill of particulars makes any mention that Mr. Stukenbrock's immigration status played any role in the allegations underlying the charges. *See* Dkt. Nos. 1, 135. The core of this case is Fiegl's credibility regarding whether Mr. Stukenbrock made the alleged promises that Fiegl claims—Mr. Stukenbrock's immigration status does not make the answer to that question any more or less probable.

But even if Mr. Stukenbrock's immigration status were in some way relevant to the charges, references to his status invite unfair prejudice that substantially outweighs any probative value that they might provide. *See* Fed. R. Evid. 403. "Many courts have opined that references to a party's immigration status expose that party to a substantial risk of unfair prejudice." *Andrade v. Walgreens-Optioncare, Inc.*, 784 F. Supp. 2d 533, 535 (E.D. Pa. 2011) (listing cases and granting motion in limine to exclude references to immigration status under Rule 403). "Even where it is arguable that information concerning a [party's] immigration status may be

relevant, courts have generally held that the potential for prejudice far outweighs whatever minimal probative value such information would have." *Uto v. Job Site Servs., Inc.*, 269 F.R.D. 209, 211 (E.D.N.Y. 2010).  The risk that the jury would consider Mr. Stukenbrock's status as a non-citizen in determining his guilt far outweighs any probative value his immigration status might have to the case.  Given this balance, Mr. Stukenbrock's immigration status should be excluded under Fed. R. Evid. 403.

> D. **The Court Should Exclude Evidence Of Legal Opinions Obtained By Fiegl Relating To Or Referencing Mr. Stukenbrock. [<u>MIL NO. 4</u>]**

The government has produced four opinion letters addressed to Fiegl or his accountant, Gary Strutz, that purport to justify Fiegl's treatment of his investments with Mr. Stukenbrock on his federal tax returns.  Exs. 3-6. ███████████████████████████████████████ ███████████████████████████████████████████████████████████████ Fiegl, however, knew at the time of the filing that Mr. Stukenbrock had invested a majority of the money into the partner companies.  Fiegl nevertheless hired two attorneys who lacked any special knowledge of tax law to draft the opinion letters to support his claim that he was entitled to take a deduction for the full amount of the loss.  These letters are inadmissible hearsay that would unfairly prejudice Mr. Stukenbrock by suggesting he is guilty of several state laws.  This prejudice substantially outweighs any probative value that the letters might have.  The letters are also likely to confuse the issues and mislead the jury.  They should be excluded under Fed. R. Evid. 802 and 403.

The letters amount to out-of-court statements and do not fall within any exceptions to the rules against admitting hearsay.  In addition, the origination of the opinion letters undermines any probative value they might have to the issue of either Mr. Stukenbrock's guilt or to Fiegl's treatment of his investment with Mr. Stukenbrock in his federal tax returns.  The author of three of the letters—one dated February 8, 2012 and two dated November 15, 2016—is Nancy Powell, a former Deputy District Attorney for Santa Clara County.  Exs. 3, 5-6.  The author of the fourth letter—dated May 22, 2012—is Timothy Dillon, Fiegl's attorney in his civil case against Mr. Stukenbrock.  Ex. 4.  Neither Ms. Powell nor Mr. Dillon provide any indication in their letters that they have any expertise in tax law.  Neither is an accountant.  In fact, other than Ms. Powell's

comment that she worked as a Deputy District Attorney for thirty-five years, neither Ms. Powell nor Mr. Dillon provide any background that would qualify them to opine on the determination that the entire investment with Mr. Stukenbrock could be considered a "theft" for purposes of federal taxes. *Cf.* Fed. R. Evid. 702 (experts are qualified by their "knowledge, skill, experience, training, or education"). These opinion letters therefore run the risk of misleading the jury about the appropriateness of Fiegl's tax treatment of his investments into SVTG because their authors have provided no basis to qualify their opinions.

The substance of the letters is even more concerning. Both Powell and Dillon reach legal conclusions concerning the exact conduct at issue in this case, specifically that Mr. Stukenbrock violated several state laws and engaged in theft of Fiegl's money. Those conclusions are based on information fed to them by Fiegl, without the benefit of the adversarial process. Introduction of the letters creates a serious risk that the jury could substitute Powell's and Dillon's judgment—which was paid for by Fiegl—for their own.

Because the opinion letters amount to hearsay that is likely to mislead the jury on the ultimate issues in this case, they should be excluded under Rules 802 and 403.

## IV.  CONCLUSION

Based on the reasons above, Mr. Stukenbrock respectfully requests an order to prevent the government from making reference to, commenting upon, introducing any evidence or testimony concerning, or presenting any argument regarding: 1) "Other act" evidence; 2) Prior civil judgments and judicial findings of fact; 3) Mr. Stukenbrock's immigration status; or 4) Legal opinions obtained by or on behalf of George Fiegl relating to or referencing Mr. Stukenbrock.

Dated: November 6, 2018

VINSON & ELKINS LLP

By: *Matthew J. Jacobs*
Matthew J. Jacobs
Attorneys for Attorneys for Defendant
CHRISTIAN REIMER STUKENBROCK

```
Matthew J. Jacobs (SBN 171149)
   mjacobs@velaw.com
Erica Connolly (SBN 288822)
   econnolly@velaw.com
Adam Crider (SBN 305526)
   acrider@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900
Facsimile: (415) 651-8786

Jennifer S. Freel (admitted *pro hac vice*)
   jfreel@velaw.com
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: (512) 542-8535
Facsimile: (512) 236-3200

Attorneys for Defendant
Christian Reimer Stukenbrock
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. CR-15-00034-EJD (VKD) |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT CHRISTIAN STUKENBROCK'S MOTIONS IN LIMINE** |
| vs. | |
| CHRISTIAN REIMER STUKENBROCK, | |
| Defendant. | |

UPON CONSIDERATION of Defendant Christian Stukenbrock's Motions in Limine (the "Motion"), accompanying Memorandum of Points and Authorities and declaration of counsel in support thereof, and the argument of counsel, and it appearing to the Court this Motion should be GRANTED,

//

//

IT IS HEREBY ORDERED that:

- Defendant's Motion in Limine No. 1 is GRANTED – the government is precluded from introducing any "other act" evidence under Federal Rule of Evidence 404(b);
- Defendant's Motion in Limine No. 2 is GRANTED – the government is precluded from introducing evidence of prior civil judgments or findings of fact regarding Mr. Stukenbrock;
- Defendant's Motion in Limine No. 3 is GRANTED – the government is precluded from introducing any evidence regarding Mr. Stukenbrock's immigration status; and
- Defendant's Motion in Limine No. 4 is GRANTED – the government is precluded from introducing legal opinions obtained by or on behalf of George Fiegl relating to or referencing Mr. Stukenbrock.

**IT IS SO ORDERED.**

DATE: _____   _____

Hon. Edward J. Davila
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 6, 2018, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice as service of this document by electronic means.

Dated: November 6, 2018                    By: */s/ Matthew J. Jacobs*
                                                Matthew J. Jacobs
                                                Attorneys for Attorneys for Defendant
                                                CHRISTIAN REIMER STUKENBROCK