# EXHIBIT 6

**NANCY V. POWELL**
N.V.POWELL, A PROFESSIONAL CORP.

310 BRYANT STREET
PALO ALTO, CALIFORNIA 94301
PHONE: (650) 324-2526
FAX: (650) 851-2943
powellesq@hotmail.com

November 15, 2016

George Fiegl
███████████████

re: Investments in SVTG/Christian Reimer Stukenbrock
    Theft ; update post Trial

Dear Mr. Fiegl;

I reviewed the facts and the evidence regarding your investments in Silicon Valley Technology Group (SVTG) as directed by Christian Stukenbrock (CS) and rendered an opinion as detailed in my Memorandum re: Theft Loss (Memorandum) in September 2012. That opinion and Memorandum was based on my then 35 years as an attorney and my experience as a deputy district attorney. My opinion was that all of the money that you gave to CS, minus a small amount that was returned to you, $22,356,030, was stolen from you by CS. CS committed theft either directly or by fraud and false pretense. For your convenience, a copy of the Memorandum is attached to this letter.

Since the writing of that Memorandum, you sued CS, pretrial discovery occurred and you had a Trial. Those court proceedings only focused on the component of theft which I referred to as the direct theft or the Theft by Larceny. In other words, you presented evidence regarding the money that can be shown to have been used by CS for his own personal benefit and therefore diverted to his own use or to something of his choosing. An example of Theft by Larceny would be when CS paid for his daughter's college tuition with money you gave him to invest. That was the nature of the Theft evidence presented to the Court in your legal proceedings. The Court at the conclusion of those proceedings issued a Final Statement of Findings and Judgment in Favor of Plaintiffs in the sum of $10,563,014 plus $21,000,000 punitive damages. A copy of the Findings and Judgment are attached to this letter. The Court clearly agreed with my September 2012 Memorandum and expressed its position in no uncertain terms that you were a victim of theft at the hands of CS.

As expressed in my Memorandum, there is a second and distinct type of theft that occurred in connection with the funds you made available to CS and that theft was not presented to nor addressed by the Court in your proceedings. This was the Theft by False Pretense. This type of theft occurred when CS deceived you about the amount of money that was going to the emerging companies you were investing in and therefore thwarted the purpose of the investment. That is Theft by False Pretense. As expressed in my earlier Memorandum, this type of theft is also defined under Penal Code §484 and it is the crime of theft by false pretense (grand theft by false pretense if over $950 is taken) if it is proven that the defendant:

1. Knowingly & intentionally deceived a property owner by false or fraudulent representation or pretense;
2. Did so intending to persuade the owner to let the defendant take possession & ownership of the property; AND
3. The owner let the defendant take possession and ownership of the property because the owner relied on the representation or pretense.

D.FIEGL-000636

Page 2; Opinion Letter re: George Fiegl & Investments in SVTG/Christian Reimer Stukenbrock

Clearly, based on facts known to us, CS prevented the funds which were directed by you to go to emerging companies from being invested as agreed and therefore, limited the usefulness of the money invested. Given that many of these companies are no longer in existence and given that the parties involved at the time your money was to be made available are no longer there and given that the emerging companies are located all over the world, it was understandable that you chose to focus on the Theft by Larceny in the trial held in Santa Clara County. Nevertheless, the Findings of the Judge can be applied to the undisputed facts and evidence that is available to us regarding the funds that CS did not directly take for his own personal use (ie. the Theft by Larceny portion) and what we are left with is Theft by False Pretense as to the balance of the money you gave to CS.

Only a limited amount of your funds that were supposed to go to the emerging companies actually went to those companies. That limited amount could not and did not have the same impact as if all the money you directed to each company was given to it. Not surprisingly, the companies failed as if fed a limited diet and forced to suffer a slow starvation death. If they had had the benefit of all of the funds you directed to each company the result most certainly would be different.

You were out of pocket $22,356,030 for funds given to CS for the agreed upon investments. The Judge, after reviewing all of the evidence has ruled that he took for himself $10,563,014. The balance of $11,793,016 is lost to you forever and was taken from you by the false and fraudulent representations of CS. Therefore, as to the $11,793,016 you have suffered a theft loss thru Theft by False Pretense. That loss when added to the loss found by the Court totals the $22,356,030 that you lost through theft at the hands of CS.

To look at how the findings and the result in the Trial held in Santa Clara County apply to the overall use of all funds you gave to CS, one should look first to the Final Statement of Findings (Findings). The Judge in the Findings was specific in her blistering critique of Stuckenbrock(CS) and in her assessment of his veracity. If one were to read only a portion of the Findings it would be that portion beginning at page 2 line 22 where the Court found:

1. *Stukenbrock's testimony during the March 18-19, 2013 trial was generally unreliable and not credible.*
2. *Stukenbrock repeatedly lied under oath in the March 18-19, 2013 trial and also in other circumstances where he was obligated to tell the truth under penalty of perjury, including false statements made to the State of Delaware, Nevada and California, during his deposition and his verifications to discovery in this case. Evidence submitted by Stukenbrock in the March 18-19, 2013 trial was forged, altered, or fabricated after the fact in order to prepare and provide Stukenbrock a means to try to avoid certain actions taken by Fiegl.*

Rarely have I seen a Judge be this unequivocal about the untrustworthiness of a witness. You have asserted for years that CS lied to you to about how he was going to use the funds you gave him. The Judge clearly agreed with you in her Findings and in her Judgment both of which provide the basis for coming to the conclusion that you were a victim of Theft by Larceny and Theft by False Pretense.

The Judge's language is strong and clear and gets clearer as the Findings continue. On Page 3 line 21 of the Findings, the Judge found "by clear and convincing evidence" that certain other facts regarding Stukenbrock (CS) were true. It is important to note that these findings are by the legal standard of "clear and convincing evidence". The law provides that this standard is only met when there is a high probability that the fact is true, where it is so clear as to leave no substantial doubt and sufficiently strong as to command the unhesitating assent of every reasonable person. With this higher standard in mind, the Judge found that:

Page 3; Opinion Letter re: George Fiegl & Investments in SVTG/Christian Reimer Stukenbrock

> "2. Stukenbrock engaged in such conduct with malice, oppression, and fraud.
> 3. Stukenbrock's conduct was reprehensible in that he accepted funds from Fiegl that he then misappropriated for his personal use. Stukenbrock was in a position of trust and was acting as a fiduciary on behalf of Fiegl when he engaged in the theft of such funds for his own use.
> 4. Stukenbrock took advantage of Fiegl's nature and trust, as well as the fact that Fiegl was attempting to assist emerging companies develop important products and services for the benefit of society.
> 5. Stukenbrock's conduct involved a pattern or practice of trickery and deceit…."

These findings are important because they show a pattern of conduct on CS's part that would apply not only to the theft presented to the Court – Theft by Larceny, but also to the money taken by False Pretense.

I in my nearly 40 years practicing law in California and my years as a Deputy District Attorney (DDA) in Santa Clara County, California I am familiar with the standard required for filing criminal charges and the limitations imposed by budget and manpower constraints in that regard. It is my opinion that you have a good criminal case against CS for theft as to all of the $22,356,030 that you lost at his hands. Unfortunately because of the complexity of the case it is not a case that county, state or US prosecutors would accept for prosecution. That does not mean that you do not have a good criminal case against CS. It only means that in considering the amount of work the case would require, the volumes of documents and bank records and the expert witnesses who would be required to put on the case (regarding the funding needs of the companies) your case is not one that the government would be likely to prosecute.

In conclusion, the Findings and Judgment of the Court in your Santa Clara action establish that you were a victim of theft at the hands of CS as to the money he diverted to his own personal benefit ($10,563,014). The Findings in that action establish that CS repeatedly lied under oath, acted with malice, oppression and fraud, took advantage of you and displayed conduct involving a pattern or practice of trickery and deceit. The findings of this conduct by CS would apply not only to the funds CS diverted for his own benefit but also to the balance of the funds you gave to CS so that the entire $22,356,030 would be the loss you suffered because of CS's theft.

Please contact me if you have any questions regarding the above or the enclosed.

Sincerely,

Nancy V. Powell