# EXHIBIT A

George Fiegl, an individual,                                          Plaintiff,
            vs.
Reimer Christian  STUKENBROCK,  Silicon Valley Technology Group. Inc.        Defendants.

## PREAMBLE

Reimer Christian Stukenbrock (STUKENBROCK) offered to George Fiegl (PLAINTIFF) an investment business according to which STUKENBROCK will find the companies and PLAINTIFF will make an actual investment based on his choice. STUKENBROCK proposed to monitor and to control those investments to insure the companies' performance and high yield, and to implement this mechanism he suggested PLAINTIFF to make all his investments transaction through SVTG, the company he represented as a venture capital firm and himself as a managing director. STUKENBROCK offered PLAINTIFF 3,320,000 shares of SVTG, a Nevada registered corporation at par value of $ 0.001 for the opportunity to receive funding from PLAINTIFF. In return, PLAINTIFF agreed that STUKENBROCK will get 15 to 25% from return on investments.

As it appeared in numerous instances STUKENBROCK delivered only a portion of monies to the assigned companies and kept PLAINTIFF unaware of where all the money had actually gone. Using trust of his partner as an opportunity for unlawful enrichment STUKENBROCK was repeatedly requesting additional funds from PLAINTIFF justifying it by urgency to keep the companies alive. For execution of all the financial transactions STUKENBROCK developed and undersigned fictitious contracts on behalf of the SVTG, the company which lost its jurisdiction in CA long time ago. Those contracts were fraudulent tools uncovering STUKENBROCK's criminal intention to divert significant portion of PLAINTIFF's investment funds from designated businesses to his own use.

As a consequence of this fraudulent scheme PLAINTIFF lost his investment funds in amount of about $24M, and the companies which PLAINTIFF awarded for business development in this highly demanded economic environment lost their opportunity and went into financial trouble. This litigation intends to return PLAINTIFF funds unlawfully acquired by STUKENBROCK and to entitle defendant to punitive damages for intentional tort committed in a contractual setting.

Plaintiff, GEORGE FIEGL hereafter alleges as follows:
1.      Plaintiff GEORGE FIEGL ("PLAINTIFF") is an individual residing in the City of Los Altos Hills, County of Santa Clara, State of California.
2.      Defendant CHRISTIAN REIMAR STUKENBROCK (AKA Reimer STUKENBROCK, Reymer STUKENBROCK and Christophe STUKENBROCK (collectively "STUKENBROCK")) is an individual residing in the City of Los Altos Hills, County of Santa Clara, State of California.   STUKENBROCK is and was at all relevant times a co-founder, Managing Director, shareholder and employee of SVTG.
3.      Defendant SILICON VALLEY TECHNOLOGY GROUP, INC. ("SVTG", or "the Corporation") was incorporated in the State of Delaware as a Delaware Corporation on July 12, 2000.  SVTG's status as a duly licensed Delaware Corporation was deemed to have been void on or about March 1, 2002, and currently remains in void status in the State of Delaware. On or about December 29, 2000 SVTG obtained the right to do business as a foreign corporation in the State of California with its principal place of business at 555 Bryant Street, # 554, Palo Alto, California.  SVTG's status as a duly licensed foreign Corporation in California was deemed

forfeited by the California Secretary of State on January 12, 2004, and currently remains in forfeiture status. SVTG's status as a duly licensed foreign Corporation in California was deemed forfeited by the California State Franchise Tax Board on February 2, 2004, and currently remains in forfeiture status. On March 11, 2005 SVTG was registered as a Nevada domestic corporation; it has not obtained the rights to do business as a foreign corporation in the State of California. SVTG is and was at all times relevant involved in the business of selling security interests in the State of California to PLAINTIFF and investing PLAINTIFF's capital in privately held companies.

## GENERAL ALLEGATIONS

1.   The General Scheme

- On or about December 15, 2005, STUKENBROCK met with PLAINTIFF and represented himself as Managing Director of SILICON VALLEY TECHNOLOGY GROUP, a Venture Capital firm. He said he has investment opportunities in varies Startup companies, that needed capital for growing their company into the next phase, usually production, or expansion of overall operations. He would do due diligence of the company and based on his reports, the Angel Investor, PLAINTIFF, would make a serious of investments into the startup company.

- During the period of 2006 through October 2011 STUKENBROCK offered to PLAINTIFF to make investments in nine (9) companies. In connection with each such solicitation STUCKENBROCK offered to sell PLAINTIFF shares of stock of SVTG, and promised to immediately transfer the proceeds from PLAINTIF's multiple purchases of shares of SVTG stock to the investment entities in which said funds were, as agreed upon by STUKENBROCK and PLAINTIFF, to be invested.

- With respect to each of the nine (9) companies in which STUKENBROCK allegedly invested PLAINTIFF'S funds, PLAINTIFF made multiple investments. Each such investment was documented by a separate written contract entitled "SILICON VALLEY TECHNOLOGY GROUP Common Stock Purchase Agreement" ("Purchase Agreement"). As such, there exist several Purchase Agreements relating to each of the nine (9) companies in which PLAINTIFF's funds were invested in a total of $23,585,470 including investments for purchase of common stock and loans issued to SVTG

2.   For the purpose of inducing PLAINTIFF to make investments through purchasing shares of common stock of SVTG, STUKENBROCK made the following representations:

- SVTG was a venture capital firm, a Delaware corporation in good standing and qualified to do business in the State of California;

- STUKENBROCK would do due diligence of the companies PLAINTIFF would invest in and based on his reports the PLAINTIFF would make a serious of investments into the companies.

- SVTG was engaged in the business of making investments in profitable business entities; he had substantial experience in evaluating the potential risks associated with angel investments, and was qualified to make such investments;

- All monies that STUKENBROCK received from PLAINTIFF through the purchase of shares of common stock of SVTG would be used exclusively for investments, and all monies would be deposited in the accounts of the companies that SVTG invested in on behalf of PLAINTIFF.

3.   All of STUKENBROCK'S representations were false. The true facts were as follows:

- All monies that STUKENBROCK received from PLAINTIFF was not used exclusively for designated investments, but was retained and was not deposited in the accounts of the companies that PAINTIFF invested in; there was always greatest urgency when STUKENBROCK asked for additional funds to "deliver the money" to the Companies, however, several companies had only received 50%, or much less than 50% of the money that STUKENBROCK had requested from PLAINTIFF, for urgent funding;
- On January 8, 2009 STUKENBROCK requested from PLAINTIFF a bridge loan on amount of $1,200,000 for an urgency need for one of the companies PLAINTIFF invested in, Ticket Out Film Partners, LLC and singed a promissory note to pay all the principals and all the accrued interests in 4 weeks; however he paid back only a small portion of the loan, $289,000, on 2/20/2009, and owes the rest of the principal and all the accrued interest to date at default rate of 21%.
- STUKENBROCK had not exclusively made investments in profitable business entities; all the investments were high risk, and none had yielded minimum results which reflected a double or triple net return on each investment;
- STUKENBROCK reluctantly supplied PLAINTIFF with meaningful financial information for SVTG, as well as our clients' financial performance, with the excuse that he is too busy at the moment and our clients too; STUKENBROCK had threatened anybody with a lawsuit, usually the CEO or CFO, or get them fired, if they would supply information, or just talk to PLAINTIFF;
- STUKENBROCK has not issued any stock certificates to PLAINTIFF ( except one, in December of 2005  issued as registered Nevada Corp.),  and as it appeared SVTG as a Delaware corporation was voided and had lost all of its rights and privileges and powers to do business under the Delaware General Corporation Law during the relevant period;
- SVTG's right to do business in California had been forfeited and it had lost all of its rights and privileges and powers to do business under the California Corporation Code;
- SVTG as a Nevada corporation has not been registered as a foreign corporation in California and haven't had rights and privileges and powers to do business under the California Corporation Code during the relevant period ;
- STUKENBROK and SVTG were all the time unlawfully involved in the business of selling security interests in the State of California to PLAINTIFF and investing PLAINTIFF's capital in privately held companies.

# EXHIBIT B

Filing and Security

Primary Case:  318B-SF-148836

Case Title:  (U) STUKENBROCK, REYEMER
STUKENBROCK, CHRISTIAN DBA
SILICON VALLEY TECHNOLOGY
GROUP ECONOMIC CRIMES-
INVESTMENT FRAUD-OTHER
NON-PONZI

Serial Number:  2

Serialized:  01/10/2012

Category:  Full Investigation
Initiated:  01/13/2012

---

Details

Serial #:  2

Type:  FD302

Document Title:  ON JANUARY 11 2012 GEORGE FIEGL SOCIAL SECURITY NUMBER

Approval Date:  01/11/2012
Classification:  SN

Contents:

01/11/2012

On January 11, 2012, GEORGE FIEGL, social security number
████████████ date of birth ████████ residence address ████
████████ email address
████████ residence telephone number ████████ mobile
telephone number ████ was interviewed at the San Jose
Resident Agency (SJRA) of the Federal Bureau of Investigation
(FBI). After being advised of the identity of the interviewers,
and of the nature of the interview, FIEGL provided the following
information:

Also present throughout the interview, at FIEGL's
request, was FIEGL's consultant, DR. BORIS BUDAGYAN, social
security number ████████ date of birth ████████, mobile
telephone number ████ email address ████████
residence address ████████

FIEGL came to the United States (U.S.), from Germany, in
1968. His German education was in physics and mechanical
engineering. His first job in the U.S. was with Fairchild
Semiconductor. Over the years, FIEGL has started and sold several
companies. The most recent, Adema Technologies, a manufacturer and
distributor of monocrystalline ingots and wafers, was sold to a
Taiwanese company, E-Ton, in 2008, for $153,000,000.

Prior to the sale of Adema, in approximately 2004, FIEGL
was introduced by a business associate to REYEMER STUKENBROCK, Also
Known As (AKA) CHRISTIAN STUKENBROCK. Through his company, Silicon
Valley Technology Group, STUKENBROCK solicited investments for
Silicon Valley start-ups. When STUKENBROCK learned that FIEGL had
sold ADEMA, he began soliciting investment funds from FIEGL.

FIEGL felt an instant rapport with STUKENBROCK, which
FIEGL attributed mainly to the fact that both men were of German
descent. Early in their relationship, STUKENBROCK approached FIEGL
about funding a $7,000,000 loan for Solar Power Partners (SPP).
FIEGL funded the loan, and developed a sense of trust and
confidence in STUKENBROCK when he was re-paid with interest in a
timely manner. FIEGL met STUKENBROCK's family and on at least one

000835

https://sentinel.fbinet.fbi/lavender/#/Serials/39814663

occasion had dinner at the STUKENBROCK's home.

Over the years, it became common practice for STUKENBROCK
to solicit investment funds from FIEGL. In each instance,
STUKENBROCK drew up a contract and instructed FIEGL to wire the
funds to a UBS AG account in the name of Silicon Valley Technology
Group. At STUKENBROCK's direction, between December of 2007, and
May of 2011, FIEGL wired approximately $23,000,000 to STUKENBROCK's
UBS AG account.

With each investment FIEGL signed a contract drawn up by
STUKENBROCK. The contracts documented the amount of the investment
and the number of shares in the respective company the funds
represented. The contracts stated the "% of return to be
determined according to investment".

Though the individual contracts did not specify the exact
amount of return FIEGL would receive, or the time frame by which he
would receive the returns, FIEGL trusted STUKENBROCK and believed
it when STUKENBROCK promised transparency and forthrightness in
their transactions. STUKENBROCK advised that FIEGL would receive
quarterly statements outlining the state of each company with which
FIEGL had invested. For the first year, FIEGL did receive the
promised statements. Over time, STUKENBROCK ceased providing
statements, but would instead give FIEGL verbal reports on the
current state of the companies. Without fail, STUKENBROCK always
reported to FIEGL that the companies were doing well.

FIEGL received no returns. This did not concern FIEGL as
he assumed that he would receive a return on investment when the
companies were bought and/or sold. From talking to other venture
capitalists, FIEGL was under the impression that he could expect to
double or triple his investments.

FIEGL provided a list of companies and the total amount
invested through STUKENBROCK in each:

```
Ticket Out $8,140,000
SPP $3,740,265
Protech $2,250,000
Ready Solar $1,435,000
Clean Mobile $4,313,500
Albutech $3,181,205
Shadow Mountain $ 500,000
AutoNet Mobile $ 125,000
Info Dream $ 75,000
```

In May of 2011, STUKENBROCK solicited additional funds
from FIEGL for Clean Mobile. In doing so, STUKENBROCK advised that
Clean Mobile was in trouble and in need of additional funds to stay
afloat. This surprised FIEGL as STUKENBROCK had always told him
that Clean Mobile was doing exceptionally well. FIEGL agreed to
invest an additional $540,000 in Clean Mobile, but with that
investment, requested documentation proving that the previous nine
installments wired to STUKENBROCK for Clean Mobile had in fact
reached Clean Mobile. STUKENBROCK agreed to these terms and
accepted the additional $540,000. FIEGL never received the
documentation requested from STUKENBROCK. STUKENBROCK has since
ceased contact with FIEGL.

In recent months, FIEGL has reached out to
representatives from the above-listed companies. This is the first
contact he has had with these individuals as STUKENBROCK had
insisted that he act as the go-between between FIEGL and the
companies. FIEGL has since learned that STUKENBROCK went so far as
to forbid individuals at the companies from contacting FIEGL.
It has come to Fiegl's attention that the companies received
approximately half of what FIEGL invested. It is believed by both
FIEGL and the representatives of the various companies that
STUKENBROCK kept half of FIEGL's money, over $11,000,000, for

000836

https://sentinel.fbinet.fbi/lavender/#/Serials/39814663

himself.

FIEGL has no education or training in economics, stocks
or investments. He relied on STUKENBROCK's expertise in these
areas. FIEGL advised that STUKENBROCK is married to JILL G.
STUKENBROCK and has three children; CHRISTINA, BENJAMIN, and
HANNAH. STUKENBROCK is currently residing at ████████
████████████████████████████████████. FIEGL recently observed
FIEGL's black Porsche SUV at that residence.

FIEGL knows of three companies related to, or possibly
owned by STUKENBROCK; True Exotic, a car rental company in Santa
Monica, California, Silicon Valley Communications, and MMC
Entertainment. FIEGL has heard rumors that STUKENBROCK often stays
with a girlfriend in the Los Angeles area. FIEGL has a pending
civil law suit against STUKENBROCK.

FIEGL provided an overview summary of his dealings with
STUKENBROCK, a list of the companies and amounts of which he
invested through STUKENBROCK, a list of individuals with which he
has had contact at the various companies, and a copy of the
complaint in the civil law suit. All documentation provided by
FIEGL is maintained in the 1A section of the file.

Routing

**Drafted by:** MILLER LISA

**Approved by:** NEIMAN TAMARA L

000837

# EXHIBIT C

FD-1057 (Rev. 5-8-10)



UNCLASSIFIED

# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Document Receipt of Financial Documents          **Date:** 12/20/2012

**From:** SAN FRANCISCO
      SF-C11
        **Contact:** ERIN MICHELLE WHITCHURCH, 408-558-1085

**Approved By:** A/SSA Gregory S. Fine

**Drafted By:** ERIN MICHELLE WHITCHURCH

**Case ID #:** 318B-SF-148836          (U) STUKENBROCK, REYEMER STUKENBROCK, CHRISTIAN DBA SILICON VALLEY TECHNOLOGY GROUP ECONOMIC CRIMES-INVESTMENT FRAUD-OTHER NON-PONZI

**Synopsis:** (U) Document Receipt of Financial Documents.

**Full Investigation Initiated:** 01/13/2012

**Enclosure(s):** Enclosed are the following items:
1. (U) FLOW CHART OF TRANSACTIONS - ACCOUNTS
2. (U) Stukenbrock's entities
3. (U) Stukenbrock's entities bank accounts
4. (U) SVTG Venture and Consulting GmbH
5. (U) Transaction to Deutsche Bank SVTG Venture
6. (U) Transactions from SVTG to CDM
7. (U) True Exotic account in BofA 3-4-11
8. (U) true exotic account in BofA 7-7-11
9. (U) Wire 2M transaction from Deutsche bank to SVTG

**Details:**

    On 12/20/2012, BORIS BUDAGYAN sent an e-mail regarding REIMER STUKENBROCK and SILICON VALLEY TECHNOLOGY GROUP (SVTG) with the following PDF files attached:

    1. Flowchart of transactions - accounts

UNCLASSIFIED

UNCLASSIFIED

Title:  (U) Document Receipt of Financial Documents
Re:  318B-SF-148836, 12/20/2012


2. Stukenbrock's entities

3. Stukenbrock's entities back accounts

4. SVTG Venture and Consulting GmbH

5. Transaction to Deutsche Bank and SVTG Venture

6. Transactions from SVTG to CDM Motors

7. True Exotic account in Bank of America (3/4/11)

8. True Exotic account in Bank of America (7/7/11)

9. Wire 2M transaction from Deutsche Bank to SVTG

Electronic copies of these files are attached to this document and
will be maintained in Sentinel.



◆◆

UNCLASSIFIED

2

002917

# EXHIBIT D

From:   Boris Budagyan [bbudagyan@hotmail.com]
Sent:   Monday, July 01, 2013 12:29 PM
To:     Whitchurch, Erin M.; gfiegl1@juno.com
Subject:     FW: RE: Stukenbrock
Attachments:   2013 0607 Answer of Stukenbrock to Pltfs' Second Amended Complaint.pdf;
2013 0607 Cross-Complaint by Stukenbrock.pdf; Acknowlegment of full
payment & release.PDF; 2013-06-17 Fiegl v. Stukenbrock - Fiegl's Answer to
Cross-Complaint of S....pdf

Follow Up Flag: Follow up
Flag Status:   Flagged

Here is Stukenbrock's answer to 2nd AC, his cross-complaint, signed waiver, and our answer to the cross-complaint.

From: Boris Budagyan [mailto:bbudagyan@hotmail.com]
Sent: Monday, July 01, 2013 12:16 PM
To: 'Whitchurch, Erin M.'; 'gfiegl1@juno.com'
Subject: RE: RE: Stukenbrock

Hi Erin,
Thank you for today's phone call. With this e-mail I'll start forwarding you the documentation we discussed on our call.
Here you will find attached documents related the latest status of our civil litigation: 1) 2nd amended complaint filed by our current counsel from Baker & McKenzie; 2) Answer from Stukenbrock to 2nd Amended complaint; 3) Cross-Complaint from Stukenbrock (where he actually admits that he took $7.6M on believe that George owes him from the sale of George's company!); 4) Waiver signed by Stukenbrock on 7-17-06 on relinquishing any and all rights from the sale of George's company; and 5) our answer to his cross-complaint.
I'll compile the other documents and will send you shortly.
Thank you,
Boris

From: Whitchurch, Erin M. [mailto:Erin.Whitchurch@ic.fbi.gov]
Sent: Wednesday, January 02, 2013 5:42 PM
To: Boris Budagyan; gfiegl1@juno.com; Boris Budagyan; gfiegl1@juno.com
Subject: RE: RE: Stukenbrock

That's great – thank you! I will be out in the morning, but if you leave it with the receptionist, she'll make sure I get it.

From: Boris Budagyan [mailto:bbudagyan@hotmail.com]
Sent: Wednesday, January 02, 2013 4:44 PM
To: Whitchurch, Erin M.; gfiegl1@juno.com
Subject: RE: RE: Stukenbrock

Hi Erin,
I have videos and transcripts for Andreas Cerdan (True Exotic) and Stukenbrock's Dec.6 last volume depo.
I'll drop a DVD of those records tomorrow in your office if it works for you.
Thank you,
Boris

From: Whitchurch, Erin M. [mailto:Erin.Whitchurch@ic.fbi.gov]

016087

Sent: Thursday, December 20, 2012 2:04 PM
To: Boris Budagyan; gfiegl1@juno.com
Subject: RE: RE: Stukenbrock

Hi Boris,

Quick question for you – I'm looking at the PDF of Sukenbrock's bank accounts, specifically the accounts for True Exotic and CDM Motors.   The "Status of subpoena" column says "no" for these accounts.  Does this mean they have not been subpoenaed at all or just that the records have yet to be produced.  I'm assuming they have not been subpoenaed, in which case I will do that, but just wanted to verify that your team has not already.

Thanks!

Erin

From: Boris Budagyan [mailto:bbudagyan@hotmail.com]
Sent: Thursday, December 13, 2012 2:45 PM
To: Whitchurch, Erin M.; gfiegl1@juno.com
Subject: RE: RE: Stukenbrock

Hi Erin,
Yesterday we had depo for True Exotic, particularly for Andreas Cerdan, and I'll provide the video when it will be available. Most likely it will be another depo for him after we'll get a court order to compel him answering questions he refused referring to NDA.
I also attached an updated list of 24 known Stukenbrock's banks accounts and their current status of production.
Thank you,
Boris
From: Whitchurch, Erin M. [mailto:Erin.Whitchurch@ic.fbi.gov]
Sent: Tuesday, December 11, 2012 5:20 PM
To: Boris Budagyan; gfiegl1@juno.com
Subject: RE: RE: Stukenbrock

This is great, thank you.  The financial analyst on this case and I will both look at these docs and will be in touch if we have any questions.   I'm sure that Lisa told you how long FBI cases tend to take, but this information will definitely help the case move along at least somewhat faster!

From: Boris Budagyan [mailto:bbudagyan@hotmail.com]
Sent: Tuesday, December 11, 2012 1:52 PM
To: Whitchurch, Erin M.; gfiegl1@juno.com
Subject: RE: RE: Stukenbrock

Hi Erin,
I attached a list of bank accounts which were already produced, are in the process and not subpoena yet. I attached transactions documents containing information for the accounts not subpoena yet. Please note Deutsche bank account in Germany for SVTG Venture & Consulting, as well as Deutsche bank in London and New Your being involved in 2M transaction to SVTG.
I also attached a flow chart of funds flow, the numbers will be specified as soon as analysis is complete.
The list of Stukenbrock's entities involved in his scheme I also provided for convenience.
Let me know if any questions.
Boris

From: Whitchurch, Erin M. [mailto:Erin.Whitchurch@ic.fbi.gov]

file:///N|/...67-016077%20-%206.3.16%20Discovery/07.01.13%20-%20Attachment%20-%20email%20-%20FW%20RE%20Stukenbrock.txt[6/3/2016 10:52:29 AM]

016088

Sent: Monday, December 10, 2012 4:13 PM
To: bbudagyan@hotmail.com; gfiegl1@juno.com
Subject: RE: RE: Stukenbrock

Hi Boris,

I just received the CDs you left at the office. Thank you for bringing those by, I appreciate it.

Erin

From: bbudagyan@hotmail.com [mailto:bbudagyan@hotmail.com]
Sent: Tuesday, December 04, 2012 4:00 PM
To: Whitchurch, Erin M.; gfiegl1@juno.com
Subject: RE: RE: Stukenbrock

Hi Erin,
We have all the records from SVTG's banks accounts. Most of these records including from silicon
valley bank, bridge bank, and ubs bank have been sent to Lisa Miller. Since then we got additional
records from subpoena of his personal bank, Mechanics bank, where he moved significant portion
of funds, more than 2 mm from SVTG accounts, and from his another entity, Silicon Valley
Communications. Currently in production records from MMC Entertainment account, wril be ready
in 3 weeks. I'll be next week back to bay area and can provide you with DVD of these records along
with DVD of Stukenbrock's depo. The only bank our civil lawyer was not able to subpoena is
Deutsch bank which had substantial involvement. I can provide details of those transactions with
DVDs. Let me know
Thank you,
Boris

Connected by DROID on Verizon Wireless

-----Original message-----
From: "Whitchurch, Erin M." <Erin.Whitchurch@ic.fbi.gov>
To: George Fiegl <gfiegl1@juno.com>
Cc: "bbudagyan@hotmail.com" <bbudagyan@hotmail.com>
Sent: Tue, Dec 4, 2012 22:34:00 GMT+00:00
Subject: RE: RE: Stukenbrock
Hi George/Boris,

Can you give me the name and contact information of your civil attorney? I'd like to see what financial
documents have been subpoenaed and he/she can share and what I will need to subpoena.

Thank you!

Erin

From: George Fiegl [mailto:gfiegl1@juno.com]
Sent: Monday, November 26, 2012 4:26 PM
To: Whitchurch, Erin M.
Cc: bbudagyan@hotmail.com
Subject: Fw: RE: Stukenbrock

Hi Erin,
We were wondering If you were able to continue the momnetum, that Lisa developed regarding our

016089

file:///N|/...67-016077%20-%206.3.16%20Discovery/07.01.13%20-%20Attachment%20-%20email%20-%20FW%20RE%20Stukenbrock.txt[6/3/2016 10:52:29 AM]

case. We are scheduled to have the second part
of Stkukenbrock's deposition on the 29th and 30th of this month. Perhaps it would be appropriate
to meet with you after the deposition.
Please let us know your schedule.
Best regards
George Fiegl

----- Forwarded Message -----
From: Boris Budagyan <bbudagyan@hotmail.com>
To: "'Miller, Lisa M. \(SF\)\(FBI\)'" <Lisa.Miller@ic.fbi.gov>, <gfiegl1@juno.com>
Cc: "'Whitchurch, Erin M.'" <Erin.Whitchurch@ic.fbi.gov>
Date: Wed, 24 Oct 2012 15:41:45 -0700
Subject: RE: Stukenbrock
Message-ID: <SNT131-ds13A98B9CF1D3CD59A7052EAE780@phx.gbl>
References: <SNT131-ds11A518BA70F463FD473097AEA90@phx.gbl>
<E2F1AFC219FF084FA2FB5E4C069EB8B77E1540F601@fbi-exvmw-20.fbi.gov> <BLU0-
SMTP223624CD6034C2B5DB4D49CAEAE0@phx.gbl>
<E2F1AFC219FF084FA2FB5E4C069EB8B77E2187D2CB@fbi-exvmw-20.fbi.gov>

Hello Lisa,
According to the bank records since January 2007, Stukenbrock paid from SVTG's account monthly rent if
full for the premises, which turned out to be the house where he lives. There are no other physical
addresses for SVTG. The information comes from Silicon Valley Bank, Bridge Bank, and UBS Financial
services production in response to subpoena.

Lisa, thank you very much for the efforts moving this case forward, and we wish all he best to you with
your new assignments.

Erin, we welcome you on board and we'd appreciate the opportunity to meet with you at your earliest
opportunity.

Best Regards,
George Fiegl / Boris Budagyan

From: Miller, Lisa M. (SF)(FBI) [mailto:Lisa.Miller@ic.fbi.gov]
Sent: Wednesday, October 24, 2012 2:32 PM
To: bbudagyan@hotmail.com; gfiegl1@juno.com
Cc: Whitchurch, Erin M.
Subject: Stukenbrock

Hello George and Boris.

I just received an email from Chris Ott advising that you may have some sort of written documentation
that shows that Stukenbrock is working from his home.  We would definitely be interested in seeing that.

I wanted also to let you know that I have transferred to the Oakland office and Special Agent Erin
Whitchurch will be taking the lead on this case.  I am copying Erin on this email.  Erin is up to speed on the
progression of the case to date and I will be available to assist her going forward as needed, however,
your primary point of contact will be Erin.

Thank you.

Lisa

016090

file:///N|/...67-016077%20-%206.3.16%20Discovery/07.01.13%20-%20Attachment%20-%20email%20-%20FW%20RE%20Stukenbrock.txt[6/3/2016 10:52:29 AM]

# EXHIBIT E

BAKER & McKENZIE

# Reimer Stukenbrock – Wire Fraud Violations

## More than $10,000,000 in Fraud; Multiple Victims

April 9, 2013

Baker & McKenzie LLP is a member firm of Baker & McKenzie International, a Swiss Verein with member law firms around the world.  In accordance with the common terminology used in professional service organizations, reference to a "partner" means a person who is a partner, or equivalent, in such a law firm.  Similarly, reference to an "office" means an office of any such law firm.
© 2013 Baker & McKenzie LLP

021080

# Introductions – Key Players

A.    George Fiegl – Primary Victim

B.    Reimer Christian Stukenbrock – Perpetrator of Fraud

C.    Silicon Valley Technology Group, Inc. (DE & NV)

D.    Stukenbrock Entities

    i.    Silicon Valley Communications (DE & NV)

    ii.    CDM Motors/True Exotic/MMC Entertainment

E.    Victim Entities

    i.    Ready Solar

    ii.    Protech Services, Inc.

    iii.    Ticket Out Film Partners, LLC

    iv.    Shadow Mountain

© 2013 Baker & McKenzie LLP

021081

# George Fiegl

– German immigrant.

– B.S. and M.S. in mechanical engineering from Rudolf Diesel Polytechnicum in Augsburg, Germany.

– Began his career at Siemens, A.G. in Munich as a development engineer in polysilicon production.

– Founded and/or worked for the leading silicon wafer technology companies in Silicon Valley:

  ▪ 1968-1969 - Joined Fairchild as Manager of Production of crystal growth.

  ▪ 1969-1976 - Founded Galamar Inds. (merged with Applied Materials in 1974).

  ▪ 1978-1987 - Director of Advanced R & D for Cybeq Systems & Siltec Corp.

  ▪ 1987-1999 - Founder and CEO of UniSil Corp. (sold in 1999).

– In 2000, founded and became CEO of Adema Technologies, Inc., a manufacturer and developer of solar power components and technology (sold in 2008).

– In 2008 he began to implement his strategy for investing and developing clean energy companies – *i.e.*, Petaluma Project (a one megawatt solar power plant).

© 2013 Baker & McKenzie LLP

021082

3

# Reimer Christian Stukenbrock

– German immigrant.

– Stukenbrock (aka Reimar, Reymar, Christian, Stuckenbrock, and Stukenbroch) currently resides in Los Altos Hills, California.

– He holds himself out as the Managing Director and President of Silicon Valley Technology Group, which he claims is a sophisticated and well-connected venture capital firm that invests in promising early-stage and start-up companies.

– In 1999, as the result of an enforcement action in Idaho for acts of fraud (offering securities for sale in Idaho without a license to act as a broker-dealer or salesman and selling fictitious and unregistered securities known as "prime bank instruments" with the promise of a 50-400% return to investors) in violation of the Idaho Securities Act, the District Court of Idaho issued a permanent injunction against Stukenbrock forbidding him from: offering any securities for sale; and, registering as a broker-dealer or as a salesman for a broker dealer in Idaho.

– On June 9, 2000 a criminal complaint was filed against him in the Northern District of California seeking extradition to Germany for tax evasion.  After he was arrested he satisfied his tax obligation and the matter was dismissed.

© 2013 Baker & McKenzie LLP

# Stukenbrock and Fiegl Relationship

– Fiegl wished to invest roughly $20 million in 10-12 companies focused on developing innovative, socially responsible, and sustainable technologies and projects with the ultimate goal of promoting and fostering sustainable energy.

– On December 15, 2005, a neighbor introduced Fiegl to Stukenbrock. Stukenbrock represented that he was the managing director of SVTG a venture capital firm with access to a wide variety of start-up companies.

– Fiegl told Stukenbrock about his investment plan.

– Stukenbrock solicited investments from Fiegl for various early stage companies and ventures.  Stukenbrock represented that for each proposed investment he had conducted due diligence on the company and its management team.  Fiegl met with many such management teams to discuss the companies and their business.

– On August 8, 2006, Fiegl made his first investment with Stukenbrock.

– During the next 5 years, Fiegl made 50 investments totaling over $22.6 million.

© 2013 Baker & McKenzie LLP

021084

# Silicon Valley Technology Group, Inc. (DE & NV)

- Entities through which Stukenbrock purported to have Fiegl invest.

- Fiegl has sought control to try to recover funds.

- SVTG (DE) was established by Stukenbrock on July 12, 2000 and registered as a foreign corporation to do business in CA on December 29, 2000.  Stukenbrock failed to pay corporate taxes in DE and let the entity become void in 2002, and subsequently forfeited the right to do business in CA on January 12, 2004.

- SVTG (NV) was formed by Stukenbrock on March 11, 2005 to carry-on the "business" of SVTG (DE) and to avoid paying the DE taxes.  Was not registered to do business as a foreign corporation in CA until December 30, 2011.

© 2013 Baker & McKenzie LLP

021085

# Stukenbrock Entities

– Silicon Valley Communications, Inc. (DE & NV)

  ▪ Stukenbrock claims ownership interest in SVTG through SVC.

  ▪ Stukenbrock cannot offer any evidence that SVC actually invested funds into SVTG.

– CDM Motors LLC/CDM Motors, Inc. (CA)

– True Exotic

  ▪ True Exotic Car Rental, Inc. (CA & OR)

  ▪ True Exotic, Inc. (CA)

  ▪ True Exotic, LLC (CA)

– MMC Entertainment, LLC

© 2013 Baker & McKenzie LLP

021086

# Scheme to Defraud

– Stukenbrock falsely represented that he would invest **all** funds obtained from George Fiegl in identified companies for legitimate business purposes.  Instead, he directed nearly half of the invested funds to himself for his own use, including supporting his personal lavish lifestyle.

– As part of the scheme, Stukenbrock introduced Fiegl and executives of the companies, made false representations to Fiegl about the investments, and promised the companies funds that Stukenbrock intended to obtain from Fiegl, and that Fiegl intended to invest in the companies, but Stukenbrock did not intend to provide to the companies.

© 2013 Baker & McKenzie LLP

021087

8

# Investment Funds Flow and Embezzlement

021088

# Ready Solar

–   In November 2007, Stukenbrock began soliciting investments from Fiegl for Ready Solar.  Stukenbrock presented Fiegl with materials from the company and represented that he had met with the management of Ready Solar and that they were qualified and had the vision necessary to make Ready Solar a successful company.

–   Ready Solar was a Redwood City based company specializing in the design and sale of a pre-engineered and pre-assembled residential solar electric system (*i.e.*, solar in a box).

–   Beginning on December 12, 2007 though November 11, 2008, Fiegl invested a total of $1,435,000 into Ready Solar.  Stukenbrock, however only invested $352,080 into Ready Solar and transferred the rest of the funds to himself and his own personal investments.

–   Meredith McClintock, founder and CEO of Ready Solar would be a reliable witness.

021089



© 2013 Baker & McKenzie LLP

# Protech Services, Inc. ("Protech")

– In August of 2008, Stukenbrock introduced Fiegl to Protech's CEO, Chris Ott, to discuss investment opportunities in Protech.

– Protech was an environmental company that developed an innovative agricultural waste water treatment process.

– Beginning in September 2008, Fiegl invested $2,250,000 in Protech. However Protech only received $750,000, and the remaining $1,500,000 was stolen by Stukenbrock.

– Protech was promised an investment of at least $2,000,000 by Stukenbrock.  As a result of the investment shortfall, Protech had insufficient funds to timely develop a prototype needed to close a deal for a prospective purchaser.  Chris Ott is prepared to cooperate and assist with any investigation, indictment and prosecution of Stukenbrock and would be a reliable witness.

© 2013 Baker & McKenzie LLP

021091

12



© 2013 Baker & McKenzie LLP

# Ticket Out Film Productions, LLC

– In December 2007, Fiegl is introduced to Chris Noonan, the Oscar nominated Director of *Babe*, and Doug Lodato to discuss an investment in the production of movie entitled "Ticket Out." Stukenbrock represented that any investment made would be in exchange for an ownership interest in the film.

– Fiegl invested $6,890,500, and an additional emergency loan of $1,200,000 sought by the production company to complete and fund the marketing of the film.

– The production company only received $5,576,994, while Stukenbrock personally pocketed $2,513,506.  Largely as a result of insufficient funds received by Ticket Out Film Productions the film only made a limited release.

© 2013 Baker & McKenzie LLP

021093

14



# Shadow Mountain, Corp.

– In May of 2008, Stukenbrock approached Fiegl and solicited an investment in Shadow Mountain. Stukenbrock represented that he met with Shadow Mountain's owner and CEO, Mike Brown to discuss the company and a potential investment. Fiegl was provided with material about Shadow Mountain and its CEO.

– Shadow Mountain was a construction management company specializing in non-residential construction – primarily hotels and restaurants.

– On June 13, 2008, Fiegl invested $500,000 in Shadow Mountain. Stukenbrock, however, only transferred $150,000 to Shadow Mountain and retained $350,000 for his personal use.

– Mike Brown is a credible witness.

021095

16

# Shadow Mountain, Corp.



© 2013 Baker & McKenzie LLP

021096

17

# Admissible Prior Conduct (FRE 404(b))

– **AutoNet Mobile** – In August 2007 Stukenbrock sought an investment from Fiegl in AutoNet Mobile, an internet based service platform providing internet access to automobiles and fleet tracking and management services.  On August 29, 2007 Fiegl provided $125,000 to Stukenbrock to invest in AutoNet Mobile. Stukenbrock invested nothing in AutoNet and used all these funds for his own personal gain.

– **Clean Mobile, AG** – In November 2007 Stukenbrock sought an investment from Fiegl for Clean Mobile, AG, a German company specializing in electric drive train technologies for light electric vehicles.  Beginning in December 2007 Fiegl made 10 investments totaling  over $4.3M.  Stukenbrock invested less than $1.8M, pocketing the rest (over $2.5M) for his own personal gain.

© 2013 Baker & McKenzie LLP

021097

# Overall Funds Flow and Embezzlement Scheme



EMBEZZLEMENT SCHEME

# Key Evidence

# Key Wires in the Fraud

| Date | Wire Description | Wire Destination |
|------|------------------|------------------|
| 01/28/2008 | $275,000 wired by Fiegl | Ready Solar – BB 101116846 |
| 03/27/2008 | $255,000 wired by Stukenbrock | Stukenbrock – MB 4968987 |
| 04/17/2008 | $475,000 wired by Fiegl | Ready Solar – BB 101116846 |
| 04/21/2008 | $420,000 wired by Stukenbrock | Stukenbrock – MB 4968987 |
| 09/19/2008 | $850,000 wired by Fiegl | Protech Services - UBS OA 04079 |
| 09/22/2008 | $50,000 wired by Stukenbrock | Stukenbrock – MB 4968987 |
| 10/03/2008 | $425,000 wired by Fiegl | Protech Services - UBS OA 04079 |
| 10/14/2008 | $130,000 wired by Stukenbrock | CDM Motors – WaMu 442099954 |
| 10/27/2008 | $125,000 wired by Stukenbrock | CDM Motors – WaMu 442099954 |

© 2013 Baker & McKenzie LLP

021101

# Key Wires in the Fraud (continued)

| Date | Wire Description | Wire Destination |
|------|------------------|------------------|
| 11/03/2008 | $350,000 wired by Fiegl | Protech Services - UBS OA 04079 |
| 11/06/2008 | $260,000 wired by Stukenbrock | CDM Motors – WaMu 442099954 |
| 10/15/2009 | $375,000 wired by Fiegl | Protech Services – UBS OA 04079 |
| 10/19/2009 | $112,000 wired by Stukenbrock | True Exotic – UB 2060204120 |
| 06/24/2008 | $275,000 wired by Fiegl | Ticket Out - UBS OA 04079 |
| 06/25/2008 | $100,000 wired by Stukenbrock | Stukenbrock – MB 4968987 |
| 9/24/2008 | $350,000 wired by Fiegl | Ticket Out - UBS OA 04079 |
| 09/22/2008 | $100,000 wired by Stukenbrock | Silicon Valley Communications– UBS OA 04144 |
| 09/26/2008 | $100,000 wired by Stukenbrock | Silicon Valley Communications– UBS OA 04144 |

© 2013 Baker & McKenzie LLP

# Key Wires in the Fraud (continued)

| Date | Wire Description | Wire Destination |
|------|------------------|------------------|
| 12/03/2008 | $600,000 wired by Stukenbrock | Ticket Out - UBS OA 04079 |
| 12/03/2008 | $200,000 wired by Stukenbrock | CDM Motors – WaMu 442099954 |
| 09/15/2009 | $400,000 wired by Fiegl | Ticket Out - UBS OA 04079 |
| 09/17/2009 | $140,000 wired by Stukenbrock | True Exotic Car Rentals – UB 2060204120 |
| 09/22/2009 | $50,000 wired by Stukenbrock | True Exotic Car Rentals – UB 2060204120 |
| 09/23/2009 | $52,000 wired by Stukenbrock | True Exotic Car Rentals – UB 2060204120 |
| 06/13/2008 | $500,000 wired by Fiegl | Shadow Mountain - UBS OA 04079 |
| 06/25/2008 | $100,000 wired by Stukenbrock | Stukenbrock – MB 4096897 |

© 2013 Baker & McKenzie LLP

021103

# Wires Meet Wire Requirement

–   Not necessary to show that Stukenbrock directly participated in the transmission, where Stukenbrock caused the transmission, and that such use was the foreseeable result of his acts.  DOJ Criminal Resource Manual, section 950 (citing United States v. Gill, 909 F.2d 274, 277-78 (7th Cir. 1990); United States v. Jones, 554 F.2d 251, 253 (5th Cir.), cert. denied, 434 U.S. 866 (1977) (cases cited); United States v. Wise, 553 F.2d 1173 (8th Cir. 1977)).

–   But, can also show Stukenbrock wires to his own accounts for his benefit.

© 2013 Baker & McKenzie LLP

021104

25

# Key Documents

- Stock Purchase Agreements
  - Each Fiegl Investment Documented in a SPA
  - Limited e-mails
- Bank Records
  - Fiegl has provided government records showing all funds transfers
- Stukenbrock Deposition Transcript (and Video)
- Trial Testimony

© 2013 Baker & McKenzie LLP

021105

26

# Stukenbrock's Fraud On The Court

– During proceedings before the Santa Clara Superior Court, Stukenbrock produced and submitted evidence that directly contradicts contemporaneous documented evidence regarding the ownership interest he holds in SVTG (DE and NV).

- Declared multiple times under oath that he did not possess documents related to ownership of SVTG.

- 11/28/2012 Stukenbrock produced documents he previously denied existed.

- Purported Bylaws produced by Stukenbrock use an address and agent for service of process that SVTG did not use until well after the purported date of the Bylaws.

- Forged Stock Certificate.

© 2013 Baker & McKenzie LLP

021106
27

# Untenable Stukenbrock Defenses

– Section 2.13 of the Stock Purchase Agreements provides that "[t]he Company will use the funds received from the Investors for market development, acquisitions, and general operating expenses."

– No market development, acquisitions, or general operating expenses; rather Fiegl investment money spent on lavish meals, fancy hotels, exotic cars and "dancers" for Stukenbrock.

© 2013 Baker & McKenzie LLP

021107

# March 19 Court Trial

– During the March 19 Court proceedings before the California Superior Court for Santa Clara County, Judge Arand, after the lunch recess, admonished Stukenbrock to "take the oath again and I do want you to listen to it."

– Court admonitions and definition of fraud explained to Stukenbrock, etc.

021108
29

# Contacts

– Scott Frewing

  ▪ (650) 251-5917

  ▪ scott.frewing@bakermckenzie.com

© 2013 Baker & McKenzie LLP

021109

30

# EXHIBIT F

FD-1057 (Rev. 5-8-10)



UNCLASSIFIED

# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Meeting documentation                **Date:** 04/17/2013

**To:** JUNGWIRTH EMILY L
    Kathryn Dyer

**From:** SAN FRANCISCO
        SF-C11
        **Contact:** ERIN MICHELLE WHITCHURCH, 408-558-1085

**Approved By:** SSA DEBORAH S AMRHEIN

**Drafted By:** ERIN MICHELLE WHITCHURCH

**Case ID #:** 318B-SF-148836          (U) STUKENBROCK, REYEMER STUKENBROCK,
                                 CHRISTIAN DBA SILICON VALLEY TECHNOLOGY
                                 GROUP ECONOMIC CRIMES-INVESTMENT
                                 FRAUD-OTHER NON-PONZI

**Synopsis:** (U) To document a meeting with the Federal Bureau of
Investigation, the Assistant United States Attorneys Office, and civil
attorneys for victim, George Fiegl.

**Full Investigation Initiated:** 01/13/2012

**Enclosure(s):** Enclosed are the following items:
1.  (U) Attorney presentation
2.  (U) Binder of key documents and evidence provided by Baker and
McKenzie

**Details:**

On April 9, 2013, Special Agent (SA) Erin Whitchurch and Forensic
Accountant (FOA) Kathryn Dyer met with Assistant United States Attorney
(AUSA) Amber Rosen, and Baker and McKenzie attorneys Scott Frewing,
Keith Wurster, and Colin Murray who represented victim, GEORGE
FIEGL. FIEGL's legal team presented an overview of the civil case
against CHRISTIAN STUKENBROCK and provided evidence and layout for
criminal charges of Title 18 USC § 1343 (Wire Fraud).

UNCLASSIFIED

UNCLASSIFIED

Title:  (U) Meeting documentation
Re:  318B-SF-148836, 04/17/2013


    FIEGL's legal team provided a thumb drive and binder of key
documents which will be maintained in a 1A with the case file. A
digital copy of the presentation is attached to this document in
Sentinel.


◆◆

UNCLASSIFIED

2

001226

# EXHIBIT G

## WHITCHURCH, ERIN M. (SF) (FBI)

| | |
|---|---|
| **From:** | Wurster, Keith L [Keith.Wurster@bakermckenzie.com] |
| **Sent:** | Tuesday, November 12, 2013 7:11 PM |
| **To:** | Murray, Colin H.; Whitchurch, Erin M. |
| **Cc:** | Frewing, Scott H; Rosen, Amber (USACAN); Dyer, Kathryn |
| **Subject:** | RE: Request for Meeting Re: Stukenbrock |
| **Attachments:** | March 4, 2008 Invoice.pdf; Incoming 7-2M Wire Transfer from G. Fiegl.pdf; March 24, 2008 Email from C Stukenbrock to T Lodato re Wire Instructions.pdf; Fiegl-Stukenbrock-110413.pdf; Fiegl-Stukenbrock-110513.pdf; August 22, 2010 Albutec 275K Note.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Amber, Erin, and Kathryn,

Thank you again for taking the time to meet with Colin and I today so we could update you on the various civil actions filed against Mr. Stukenbrock. Attached please find the additional documents we referenced during our meeting which include:

- The March 4, 2008 Invoice Mr. Stukenbrock created to obtain the illicit $250,000 payment for the Van Buren real estate transaction;
- The wire instructions sent from Mr. Stukenbrock to Mr. Lodato for the transfer of the payment;
- An incoming wire confirmation for the $7,200,000 that Mr. Fiegl transferred into the escrow account for the loan made to Van Buren Estate Partners;
- Transcripts from the November 4-5 proceedings before Judge Arand.

I also provide you with the contact information we have for:

- Albutec's primary contact was and is Dr. Jan Stange - jan.stange@albutec.de, stange@albutec.de (this the email address for Katrin Stange, who is on the BOD for Albutec), and jan.stange@web.de (Mr. Fiegl contacted Dr. Stange today and asked that he respond to your inquires).
- Clean Mobile is Werner Gruber – werner.bruber@start-gate.com and his mobile number is +49-172-868-7369 (We have not spoken with Mr. Gruber for a few months, as Clean Mobile went through dissolution proceedings in Germany last year.)
- Andreas Cerdan is a German citizen who moved back to Germany in early 2013 and as of June 2013, resided at Isoldenstr. 62, 80804 Munchen. (As we discussed, Mr. Cerdan may still have contact with Mr. Stukenbrock and they have shared business interests, including True Exotic.)

Also Albutec (Dr. and Frau Stange) told us that they did not sign the attached note for 275,000 Euros, and they did not receive a transfer of that amount. (See attached.)

Please let us know if we can be of any further assistance.

      Best Regards,

        Keith

Keith L. Wurster
Attorney at Law, Litigation
Baker & McKenzie LLP
660 Hansen Way
Palo Alto, California 94304-1044, USA
Tel: +1 650 856 5553
Fax: +1 650 856 9299
keith.wurster@bakermckenzie.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein

002835

# EXHIBIT H

## WHITCHURCH, ERIN M. (SF) (FBI)

| | |
|---|---|
| **From:** | Whitchurch, Erin M. |
| **Sent:** | Monday, December 16, 2013 10:40 AM |
| **To:** | 'Wurster, Keith L' |
| **Cc:** | Murray, Colin H. |
| **Subject:** | RE: Request for Meeting Re: Stukenbrock |

Hi Keith,

Unfortunately, I'm not able provide details on the status of an open investigation, however I did get Dr. Stange's contact information from Boris. Thank you for facilitating that.

Best,

Erin

**From:** Wurster, Keith L [mailto:Keith.Wurster@bakermckenzie.com]
**Sent:** Tuesday, December 10, 2013 4:17 PM
**To:** Whitchurch, Erin M.
**Cc:** Murray, Colin H.
**Subject:** RE: Request for Meeting Re: Stukenbrock

Erin,

    I just to follow-up to see if can provide us with any update on the status of your investigation and if you were able to make contact with Dr. Stange of Albutec. It is our understanding that he is fully prepared to cooperate with you in your investigation.

        Best Regards,

            Keith

Keith L. Wurster
Attorney at Law, Litigation
Baker & McKenzie LLP
660 Hansen Way
Palo Alto, California 94304-1044, USA
Tel: +1 650 856 5553
Fax: +1 650 856 9299
keith.wurster@bakermckenzie.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein

**From:** Wurster, Keith L
**Sent:** Tuesday, November 12, 2013 7:11 PM
**To:** Murray, Colin H.; Whitchurch, Erin M.
**Cc:** Frewing, Scott H; Rosen, Amber (USACAN); Dyer, Kathryn
**Subject:** RE: Request for Meeting Re: Stukenbrock

Amber, Erin, and Kathryn,

Thank you again for taking the time to meet with Colin and I today so we could update you on the various civil actions filed against Mr. Stukenbrock. Attached please find the additional documents we referenced during our meeting which include:

- The March 4, 2008 Invoice Mr. Stukenbrock created to obtain the illicit $250,000 payment for the Van Buren real estate transaction;

1

002841

- The wire instructions sent from Mr. Stukenbrock to Mr. Lodato for the transfer of the payment;
- An incoming wire confirmation for the $7,200,000 that Mr. Fiegl transferred into the escrow account for the loan made to Van Buren Estate Partners;
- Transcripts from the November 4-5 proceedings before Judge Arand.

I also provide you with the contact information we have for:

- Albutec's primary contact was and is Dr. Jan Stange - jan.stange@albutec.de, stange@albutec.de (this the email address for Katrin Stange, who is on the BOD for Albutec), and jan.stange@web.de (Mr. Fiegl contacted Dr. Stange today and asked that he respond to your inquires).
- Clean Mobile is Werner Gruber – werner.bruber@start-gate.com and his mobile number is +49-172-868-7369 (We have not spoken with Mr. Gruber for a few months, as Clean Mobile went through dissolution proceedings in Germany last year.)
- Andreas Cerdan is a German citizen who moved back to Germany in early 2013 and as of June 2013, resided at Isoldenstr. 62, 80804 Munchen. (As we discussed, Mr. Cerdan may still have contact with Mr. Stukenbrock and they have shared business interests, including True Exotic.)

Also Albutec (Dr. and Frau Stange) told us that they did not sign the attached note for 275,000 Euros, and they did not receive a transfer of that amount. (See attached).

Please let us know if we can be of any further assistance.

     Best Regards,

       Keith

Keith L. Wurster
Attorney at Law, Litigation
Baker & McKenzie LLP
660 Hansen Way
Palo Alto, California 94304-1044, USA
Tel: +1 650 856 5553
Fax: +1 650 856 9299
keith.wurster@bakermckenzie.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein

---

**From:** Murray, Colin H.
**Sent:** Monday, November 11, 2013 3:45 PM
**To:** Whitchurch, Erin M.
**Cc:** Frewing, Scott H; Wurster, Keith L; Rosen, Amber (USACAN); Dyer, Kathryn
**Subject:** RE: Request for Meeting Re: Stukenbrock

Thanks.

---

**From:** Whitchurch, Erin M. [mailto:Erin.Whitchurch@ic.fbi.gov]
**Sent:** Monday, November 11, 2013 3:29 PM
**To:** Murray, Colin H.
**Cc:** Frewing, Scott H; Wurster, Keith L; Rosen, Amber (USACAN); Dyer, Kathryn
**Subject:** Re: Request for Meeting Re: Stukenbrock

Sounds great - see you then

---

**From:** Murray, Colin H. <Colin.Murray@bakermckenzie.com>
**To:** Whitchurch, Erin M.
**Cc:** Frewing, Scott H <Scott.Frewing@bakermckenzie.com>; Wurster, Keith L <Keith.Wurster@bakermckenzie.com>; Rosen, Amber (USACAN); Dyer, Kathryn

2

002842

**Sent**: Mon Nov 11 17:35:09 2013
**Subject**: RE: Request for Meeting Re: Stukenbrock

Terrific. Scott is traveling but Keith and I will be there at 11:00 AM if that works for you.

Thanks,

Colin

-----Original Message-----
From: Whitchurch, Erin M. [mailto:Erin.Whitchurch@ic.fbi.gov]
Sent: Monday, November 11, 2013 2:31 PM
To: Murray, Colin H.
Cc: Frewing, Scott H; Wurster, Keith L; Rosen, Amber (USACAN); Dyer, Kathryn
Subject: Re: Request for Meeting Re: Stukenbrock

Hi Colin,

Amber, Kassie, and I are available after 10am tomorrow. Let me know what time works for you and we can meet at the US Attorney's Office again.

Thanks,

Erin

----- Original Message -----
From: Murray, Colin H. <Colin.Murray@bakermckenzie.com>
To: Whitchurch, Erin M.
Cc: Frewing, Scott H <Scott.Frewing@bakermckenzie.com>; Wurster, Keith L <Keith.Wurster@bakermckenzie.com>
Sent: Fri Nov 08 19:12:49 2013
Subject: Request for Meeting Re: Stukenbrock

Dear Erin--
As you may recall, we represent George Fiegl in civil litigation against Reimer Christian Stukenbrock. Scott Frewing advised you might be available for a meeting next week. Does Tuesday work for you?
Thanks,
Colin Murray
Sent from my BlackBerry 10 smartphone.

Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

002843

# EXHIBIT I

## WHITCHURCH, ERIN M. (SF) (FBI)

| | |
|---|---|
| **From:** | Murray, Colin H. [Colin.Murray@bakermckenzie.com] |
| **Sent:** | Thursday, February 20, 2014 10:58 AM |
| **To:** | Rosen, Amber (USACAN); Whitchurch, Erin M. |
| **Cc:** | Frewing, Scott H; Dyer, Kathryn; Wurster, Keith L |
| **Subject:** | Stukenbrock Matters |
| **Attachments:** | 2014-02-19 Judgment in Favor of Plaintiffs (Fiegl v Stukenbrock, No. 1-1....pdf; 2014-02-19 Final Statement of Findings (Fiegl v Stukenbrock, No. 1-11-CV....pdf; 2014 0130 Court-Filed Judgment on Verdict.pdf; xparte-11-4-2013.pdf; V. Buren-exparte motion-9-5-2013.pdf |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Amber and Erin,

I am writing to provide a brief update on the civil matters that Mr. Fiegl has pursued and recently completed against Reimer Stukenbrock. Attached please find the February 18, 2014 Judgment and the Final Statement of Findings entered against Stukenbrock in the Santa Clara County trial (Fiegl v. Stukenbrock), as well as the January 30, 2014 Judgment from the Riverside County Van Buren matter (Fiegl v. Stukenbrock, Lodato and Van Buren Estate Partners)

In the case brought by Mr. Fiegl in Santa Clara County, Judge Mary Arand found Stukenbrock liable for, among other things, acts of intentional misrepresentation, fraudulent concealment, conversion, breach of fiduciary duty, misappropriation, securities fraud, and the sale of unregistered shares. Special damages were awarded to Mr. Fiegl in the amount of $10,563,014. In addition, the Court found Stukenbrock acted with oppression, malice and fraud, and that he engaged in a pattern of reprehensible misconduct, replete with trickery and deceit, thusly, justifying an award of $21,000,000 in punitive damages. The Final Statement of Findings contains additional details about Stukenbrock's conduct, which include findings that Stukenbrock repeatedly lied under oath.

The Riverside County Judgment resulted from a three week jury trial before Judge Lawrence Fry, who recently entered Judgment in Mr. Fiegl's favor against Stukenbrock for $7,200,000 for Stukenbrock's acts of intentional misrepresentation, fraudulent concealment, conspiracy to commit fraud, and conspiracy to commit breach of fiduciary duty. In addition, the court found Mr. Fiegl entitled to a judgment against Stukenbrock for breach of fiduciary duty and negligence.

As we have discussed in the past, Mr. Fiegl has expended significant time and resources to obtain these judgments against Mr. Stukenbrock. Unfortunately, given Stukenbrock's evasive behavior and his last-minute disappearing act on the eve of both trials, we believe Mr. Fiegl has little chance of ever enforcing these judgments to obtain a financial recovery. Stukenbrock has essentially thumbed his nose at Mr. Fiegl and the justice system. For example, immediately before the commencement of both trials he submitted virtually identical ex parte requests to continue the trial citing some undescribed "illness" (with zero detail) as the reason for his inability to appear for the scheduled trial. (See attached Ex Parte Applications). We and Mr. Fiegl believe the only way for justice to be served in this situation is if a criminal case is filed against Stukenbrock, otherwise he will continue to evade and flaunt the justice system. Further, indictment of Stukenbrock is likely be the only hope for Mr. Fiegl to recoup at least some of his losses through restitution. Absent indictment, we believe it's only a matter of time before Stukenbrock will engage in further criminal activity.

1

We and Mr. Fiegl stand ready to the investigation assist in any manner.  Kindly please let Scott or me know if you would like any additional details or materials to assist with your investigation.

With thanks and regards,

Colin H. Murray
Partner, Litigation Practice Group
Baker & McKenzie, LLP
Two Embarcadero Center, Eleventh Floor
San Francisco, CA 94111
+1 415 591 3244 (Direct)
+1 619 309 5592 (Mobile)
colin.murray@bakermckenzie.com

Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

001182

# EXHIBIT J

From:     Murray, Colin H. [Colin.Murray@bakermckenzie.com]
Sent:     Friday, August 08, 2014 6:40 AM
To:       Whitchurch, Erin M.
Cc:       Hitti, Nada K; Wurster, Keith L
Subject:          Stukenbrock's Testimony

Hi Erin—
Sorry for the delayed response to your VM—I have been out of the office this week on vacation.  I recall
that we do have a transcript of Stukenbrock's testimony from the March trial.  I am copying my paralegal
Nada Hitti who will send it over to you later today.
Many thanks,

Colin H. Murray
Partner, Litigation Practice Group
Baker & McKenzie, LLP
Two Embarcadero Center, Eleventh Floor
San Francisco, CA 94111
+1 415 591 3244 (Direct)
+1 619 309 5592 (Mobile)
colin.murray@bakermckenzie.com

This message may contain confidential and privileged information. If it has been sent to you in error,
please reply to advise the sender of the error and then immediately delete this message. Please visit
www.bakermckenzie.com/disclaimers for other important information concerning this message.

# EXHIBIT K

From:   Hitti, Nada K [Nada.Hitti@bakermckenzie.com]
Sent:   Friday, August 08, 2014 7:16 AM
To:   Whitchurch, Erin M.
Cc:   Murray, Colin H.; Wurster, Keith L
Subject:   Fiegl v. Silicon Valley Technology Group, Inc.: R.C. Stukenbrock's Oral Testimony-March 18-19, 2013 Bench Trial
Attachments:   Trial Transcript 03-18-13 AM Session.pdf; Trial Transcript 03-18-13 PM Session.pdf; Trial Transcript 03-19-13 AM Session.pdf; Trial Transcript 03-19-13 PM Session.pdf

RE: George Fiegl v. Silicon Valley Technology Group Inc. – Santa Clara County Superior Court – Case No. 1-11-cv-214611

Ms. Whitchurch,

Per Mr. Colin Murray's request, kindly find attached the four transcripts of the Santa Clara County Superior Court bench trial which took place on March 18-19, 2013 in the above-captioned case.  The transcript contains Mr. R.C. Stukenbrock's oral testimony.

With many thanks and best regards.
Nada Hitti
Paralegal – Baker & McKenzie LLP


Nada K. Hitti
Paralegal
Litigation Department
Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, California  94111-3802, USA
Tel:  +1 415 576 3054
Fax: +1 415 576 3099
nada.hitti@bakermckenzie.com

www.bakermckenzie.com
Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

Please consider the environment before you print this email.


This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

000946

# EXHIBIT L

## Bachmann, Erin M. (SF) (FBI)

| | |
|---|---|
| **From:** | Bachmann, Erin M. (SF) (FBI) |
| **Sent:** | Wednesday, July 20, 2016 11:18 AM |
| **To:** | 'Murray, Colin H.' |
| **Subject:** | RE: Stukenbrock files |

Hi Colin,

In case George didn't tell you, Stukenbrock's trial was delayed and the new start date is November 15, 2016.

As we continue to prepare for the trial, I want to ensure we have all the documents from Fiegl's civil suits including depositions, transcripts, exhibits, and anything else that might be pertinent. I've reviewed everything your firm has sent over the last few years and there are a few additional documents that I'd like to request so we can have a "complete package" for each deposition and trial.  I've listed the dates of the depositions/trials below and underneath the date, documents we'd need in order to have everything.

Can you (1) confirm that the dates listed below are all of the dates of trials/depos and that I am not missing any and (2) provide the requested documents?

Thanks so much for your help on this matter! If you and/or your paralegal have any questions, please feel free to reach out to me.

Erin

**August 8, 2012: Stukenbrock deposition**
- Exhibits

**July 23, 2012: Morey deposition**

**November 29-30, 2012: Trial**

**December 6, 2012: Stukenbrock deposition**
- Written transcript of deposition (video previously provided)
- Exhibits

**December 12, 2012: Schaefer deposition**

**November 4-5, 2013: Trial**
- Exhibits for all 11/5/2013 testimony

**March 18-19, 2013: Trial**
- Exhibits for all 3/18 and 3/19 testimony. Note that exhibits 139 and 140 were previously provided.

**September 9, 2015: Budagyan deposition (Protech vs. Gillette)**
- Exhibits
- Any other depositions, testimony, exhibits you may have.

018718

## Bachmann, Erin M. (SF) (FBI)

| | |
|---|---|
| **From:** | Hitti, Nada K [Nada.Hitti@bakermckenzie.com] |
| **Sent:** | Wednesday, July 20, 2016 4:37 PM |
| **To:** | Bachmann, Erin M. (SF) (FBI) |
| **Cc:** | Murray, Colin H.; Hitti, Nada K |
| **Subject:** | Fiegl: Stukenbrock Documentation |

Dear Erin,

Under a separate Email and using the Baker & McKenzie "Litera" Secure File Transfer site , I will send you in a few minutes the documentation noted below as "ATTACHED".

I will check with Colin about sending you additional depositions and testimony in the *Protech v. Gillette* case (Item 8 below).

As noted below, I was unable to find in our records the trial exhibits for the March 18-19, 2013 trial (Item 7 below), but I will keep checking for those exhibits.

When you receive the Email from Litera regarding downloading the documentation, you will need to create an account and a password for your own use and access to the site.

Once you have had the chance to open the Litera account and access the documents, kindly let me know that you are able to open the documents.

With many thanks and best regards.
Nada.

---

**List of Documents Requested:**

1. August 8, 2012: Stukenbrock deposition - - Exhibits - ATTACHED

2. July 23, 2012: Morey deposition - ATTACHED

3. November 29-30, 2012: Trial - I am not sure which trial this is. I will check further.

4. December 6, 2012: Stukenbrock deposition
- Written transcript of deposition (video previously provided) and Exhibits - ATTACHED

5. December 12, 2012: Schaefer deposition - ATTACHED

6. November 4-5, 2013: Trial - - Exhibits for all 11/5/2013 testimony - ATTACHED

7. March 18-19, 2013: Trial - - Exhibits for all 3/18 and 3/19 testimony. Note that exhibits 139 and 140 were previously provided. - I AM UNABLE TO FIND THOSE EXHIBITS. I WILL CHECK FURTHER.

8. September 9, 2015: Budagyan deposition (Protech vs. Gillette) - - Exhibits - ATTACHED
- Any other depositions, testimony, exhibits you may have - I WILL CHECK FURTHER.

1

018719

# EXHIBIT M

Reimer Christian Stukenbrock
Confidential

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

GEORGE FIEGL,                          )
                                       )
                Plaintiff,             )
                                       )
                                       )
        vs.                            ) Case No.  111-CV-214611
                                       )
                                       )
                                       )
SILICON VALLEY TECHNOLOGY              )
GROUP, INC. et al.                     )
                                       )
                Defendants.            )
                                       )
_____

CONFIDENTIAL VIDEOTAPED DEPOSITION OF

REIMER CHRISTIAN STUKENBROCK, VOLUME I

Wednesday, August 8, 2012

10:18 a.m. to 5:03 p.m.

1754 Technology Drive, Suite 135

San Jose, California

REPORTED BY:

Kathryn Charpentier

CSR No. 13319

1

006427

**Reimer Christian Stukenbrock**
**Confidential**

```
 1                      A P P E A R A N C E S

 2

 3        For Plaintiff:

 4                Dillon Gerardi
                  BY:  TIMOTHY P. DILLON, ATTORNEY AT LAW
 5                4660 La Jolla Village Drive, Suite 1040
                  San Diego, California 92122
 6                (858)587-1800
                  Fax(858)587-2587
 7                tdillon@dillongerardi.com

 8

         For Defendant:
 9
                  Structure Law Group, LLP
10                BY:  MARK R. FIGUEIREDO, ATTORNEY AT LAW
                  1754 Technology Drive, Suite 135
11                San Jose, California 95110
                  (408)441-7500
12                Fax(408)228-8787
                  mrf@structurelaw.com
13

14

         Also Present:
15

16                George Fiegl

17                Dr. Boris Budagyan, General Manager
                  GB Star, Inc.
18

19                Sean Grant, Videographer
                  U.S. Legal Support
20                (415)362-4346

21

22

23

24

25

                                                         2
```

006428

# EXHIBIT N

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

GEORGE FIEGL,                          )
                                       )
                 Plaintiff,            )
                                       )
                                       )
                                       )
     vs.                               ) Case No.  111-CV-214611
                                       )
                                       )
                                       )
SILICON VALLEY TECHNOLOGY              )
GROUP, INC. et al.                     )
                                       )
                 Defendants.           )
                                       )
_____

VIDEOTAPED DEPOSITION OF

REIMER CHRISTIAN STUKENBROCK, VOLUME II

Thursday, November 29, 2012

10:15 a.m. to 5:13 p.m.

1754 Technology Drive, Suite 135

San Jose, California

    REPORTED BY:

    Kathryn Charpentier

    CSR No. 13319

227

014899

Riemer Christian Stukenbrock

```
1                    A P P E A R A N C E S

2

3      For Plaintiff:

4              Dillon Gerardi
               BY:  TIMOTHY P. DILLON, ATTORNEY AT LAW
5              4660 La Jolla Village Drive, Suite 1040
               San Diego, California 92122
6              (858)587-1800
               tdillon@dillongerardi.com
7

8      For Defendant:

9              Structure Law Group, LLP
               BY:  MARK R. FIGUEIREDO, ATTORNEY AT LAW
10             1754 Technology Drive, Suite 135
               San Jose, California 95110
11             (408)441-7500
               mrf@structurelaw.com
12

       Appearing for Silicon Valley Technology Group
13
               Berliner Cohen
14             BY:  FRANK R. UBHAUS, ATTORNEY AT LAW
               Ten Almaden Boulevard, Eleventh Floor
15             San Jose, California 95113
               (409)286-5800
16             frank.ubhaus@berliner.com

17

       Also Present:
18

19             George Fiegl

20             Dr. Boris Budagyan, General Manager
               GB Star, Inc.
21
               Gary Brewer, Videographer
22             U.S. Legal Support
               (415)362-4346
23

24

25
```

228

014900

# EXHIBIT O

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA


GEORGE FIEGL,                 )
                            )
            Plaintiff,    )
                            )
                            )
                            )
     vs.                  ) Case No.  111-CV-214611
                            )
                            )
                            )
SILICON VALLEY TECHNOLOGY    )
GROUP, INC. et al.         )
                            )
            Defendants.   )
                            )
_____


VIDEOTAPED DEPOSITION OF

REIMER CHRISTIAN STUKENBROCK, VOLUME III

Friday, November 30, 2012

10:53 a.m. to 5:17 p.m.

1754 Technology Drive, Suite 135

San Jose, California


REPORTED BY:


Kathryn Charpentier


CSR No. 13319

Reimer Christian Stukenbrock

```
1                    A P P E A R A N C E S

2


3       For Plaintiff:

4               Dillon Gerardi
                BY:   TIMOTHY P. DILLON, ATTORNEY AT LAW
5               4660 La Jolla Village Drive, Suite 1040
                San Diego, California 92122
6               (858)587-1800
                Fax(858)587-2587
7               tdillon@dillongerardi.com

8

        For Defendant:
9

                Structure Law Group, LLP
10              BY:   MARK R. FIGUEIREDO, ATTORNEY AT LAW
                1754 Technology Drive, Suite 135
11              San Jose, California 95110
                (408)441-7500
12              Fax(408)228-8787
                mrf@structurelaw.com
13

        Appearing for Silicon Valley Technology Group
14

                Berliner Cohen
15              BY:   FRANK R. UBHAUS, ATTORNEY AT LAW
                Ten Almaden Boulevard, Eleventh Floor
16              San Jose, California 95113
                (409)286-5800
17              frank.ubhaus@berliner.com

18

        Also Present:
19


20              George Fiegl

21              Dr. Boris Budagyan, General Manager
                GB Star, Inc.
22

                Gary Brewer, Videographer
23              U.S. Legal Support
                (415)362-4346
24


25
```

                                                              455

015587

# EXHIBIT P

Reimer Christian Stukenbrock

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA


GEORGE FIEGL,                          )
                                       )
              Plaintiff,               )
                                       )
                                       )
                                       )
        vs.                            ) Case No.  111-CV-214611
                                       )
                                       )
SILICON VALLEY TECHNOLOGY              )
GROUP, INC. et al.                     )
                                       )
              Defendants.              )
                                       )
_____


VIDEOTAPED DEPOSITION OF

REIMER CHRISTIAN STUKENBROCK, VOLUME IV

Thursday, December 6, 2012

9:51 a.m. to 12:32 p.m.

1754 Technology Drive, Suite 135

San Jose, California



    REPORTED BY:


    Kathryn Charpentier



    CSR No. 13319

007313

Reimer Christian Stukenbrock

```
1                    A P P E A R A N C E S

2

3       For Plaintiff:

4               Dillon Gerardi
                BY:  TIMOTHY P. DILLON, ATTORNEY AT LAW
5               4660 La Jolla Village Drive, Suite 1040
                San Diego, California 92122
6               (858)587-1800
                Fax(858)587-2587
7               tdillon@dillongerardi.com

8

        For Defendant:
9
                Structure Law Group, LLP
10              BY:  MARK R. FIGUEIREDO, ATTORNEY AT LAW
                1754 Technology Drive, Suite 135
11              San Jose, California 95110
                (408)441-7500
12              Fax(408)228-8787
                mrf@structurelaw.com
13
        Appearing for Silicon Valley Technology Group
14
                Berliner Cohen
15              BY:  FRANK R. UBHAUS, ATTORNEY AT LAW
                Ten Almaden Boulevard, Eleventh Floor
16              San Jose, California 95113
                (409)286-5800
17              frank.ubhaus@berliner.com

18

        Also Present:
19

20              George Fiegl

21              Patrick Murray, Videographer
                U.S. Legal Support
22              (415)362-4346

23

24

25

                                                          653
```

007314

# EXHIBIT Q

1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              SANTA CLARA COUNTY JUDICIAL DISTRICT

3                     SAN JOSE FACILITY

4             HONORABLE MARY E. ARAND, JUDGE

5                      DEPARTMENT 6

6                       ---oOo---

7   GEORGE FIEGL,                  )
                                   )
8                                  )     Case No. 1-11-CV-214611
            Plaintiff,             )
9                                  )
        vs.                        )
10                                 )
    SILICON VALLEY TECHNOLOGY      )
11  GROUP INC., A DELAWARE         )
    CORPORATION, ET AL,            )
12                                 )
            Defendants.            )
13  _____)

14                       ---oOo---

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS
                      Court Trial

16                   March 19, 2013

17  A P P E A R A N C E S :

18
    FOR THE PLAINTIFF GEORGE FIEGL:
19  Timothy P. Dillon, Attorney at Law

20  FOR THE DEFENDANT SILICON VALLEY TECHNOLOGY GROUP INC., A
    DELAWARE CORPORATION:  :
21  Frank R. Ubhaus, Attorney at Law

22  FOR THE DEFENDANT SILICON VALLEY TECHNOLOGY GROUP INC., A
    NEVADA CORPORATION:
23  Frank R. Ubhaus,, Attorney at Law

24  FOR THE INTERESTED PARTY SILICON VALLEY COMMUNICATIONS
    INC., DELAWARE:
25  Gordon C. Strange, Attorney at Law

26  FOR THE DEFENDANT REIMER CHRISTIAN STUKENBROCK:
    REIMER CHRISTIAN STUKENBROCK, PRO PER
27
    Official Court Reporter:  Tina M. White, CSR
28                            License No. 9141        **COPY**

50

INDEX OF EXAMINATION

WITNESSES:                                                Page

CHRISTIAN STUKENBROCK

Direct Examination by Mr. Dillon                            57
Cross-examination by Mr. Ubhaus                            140
Cross-examination by Mr. Strange                          161
Redirect Examination by Mr. Dillon                        198
Recross-examination by Mr. Ubhaus                         215


GEORGE FIEGL

Direct Examination by Mr. Dillon                           226
Cross-examination by Mr. Strange                          234

000847

# EXHIBIT R

## Case Information

2011-1-CV-214611 | G. Fiegl vs Silicon Valley Technology Group Inc., A Delaware Corporation, et al

Case Number
2011-1-CV-214611

Court
Superior Court of Santa Clara - Civil

File Date
12/09/2011

Case Type
Breach of Contract/Warranty Unlimited (06)

Case Status
Active

## Party

Plaintiff/Cross Defendant (Participant)
Fiegl, George

Active Attorneys ▾
Lead Attorney
Murray, Colin Henry
Retained

Work Phone
415-576-3000

Plaintiff
Silicon Valley Technology Group Inc., A Delaware Corporation

Active Attorneys ▾
Lead Attorney
Murray, Colin Henry
Retained

Work Phone
415-576-3000

Plaintiff

Silicon Valley Technology Group Inc., A Nevada Corporation

Active Attorneys ▾

Lead Attorney
Murray, Colin Henry
Retained

Work Phone
415-576-3000

Notice (Participant)
Cerdan, Andreas

Defendant/Cross Complainant (Participant)
Stukenbrock, Reimer Christian

Active Attorneys ▾

Pro Se

Claimant (Participant)
Skade, Henry

Active Attorneys ▾

Lead Attorney
Rice, Mark J.
Retained

Work Phone
4154723434

## Events and Hearings

### 12/09/2011 Civil Case Cover Sheet ▾

| Judicial Officer | Comment |
| --- | --- |
| Kirwan, Peter | Legacy Name = CV Case Cover Sheet Decision = M Closed = 12/09/2011 |

12/09/2011 Complaint (Unlimited) (Fee Applies) ▾

09/13/2012 Opposition/Objections ▾

Judicial Officer
Kirwan, Peter

Comment
Text = to mtn to compel def's cont'd depo & to answer depo questions, Steven M. Scully Legacy Name = CV Opposition Decision = M Closed = 09/13/2012

09/13/2012 Clerk Rejection Letter ▾

Judicial Officer
Kirwan, Peter

Comment
Text = Motion to Compel Further Testimony and Production of Documents wan not Reserved and Court suggested that Plt's Attorney check Tentative Ruling on online Legacy Name = CV Clerk Rejection Ltr Decision = M Closed = 09/13/2012

09/14/2012 Motion: Compel ▾

Original Type
Motion: Compel

Judicial Officer
Manoukian, Socrates P

Hearing Time
9:00 AM

Result
Heard: Denied

Comment
Text = Def Christian Stukenbrock's: Answers to Deposition Questions, to Produce Documents Designated in the Deposition Notice, & Request for Sanctions by Plt George Fiegl (Timothy P. Dillon) *Hrg Date Advanced From 10-5-12 to 9-14-12 Per 9-11-12 OST* Result By = C Result Judge = SPM - Manoukian, Socrates Result Date = 09/14/2012

09/17/2012 Order ▾

Judicial Officer
Manoukian, Socrates P

Comment
Text = the court will order Mr. Stukenbrock submit to a deposition on 2-consecutive days; the deposition shall take place prior to the hrg on the mtn of def's to compel arbitration; def's should promptly contact the dept where this mtn is pending and seek continuance for 30days; no sanctions will be awarded to either side. *see file for further details* Signed by Judge Manoukian Legacy Name = CV Order Decision = G Closed = 09/17/2012

09/19/2012 Motion: Compel ▾

Judicial Officer
Kirwan, Peter

# EXHIBIT S

1   Colin H. Murray, State Bar No. 159142
    Keith L. Wurster, State Bar No. 198918
2   **BAKER & McKENZIE LLP**
    Two Embarcadero Center, 11th Floor
3   San Francisco, CA  94111-3802
    Telephone:  +1 415 576 3000
4   Facsimile:  +1 415 576 3099

5   Attorneys for Plaintiff and Cross-Defendant
    GEORGE FIEGL; and
6
    Attorneys for Plaintiffs
7   SILICON VALLEY TECHNOLOGY GROUP
    (DE), and SILICON VALLEY TECHNOLOGY
8   GROUP (NV)

9

            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                        COUNTY OF SANTA CLARA
11

12   GEORGE FIEGL, an individual, SILICON        Case No.  1-11-CV-214611
     VALLEY TECHNOLOGY GROUP, INC., a
13   Delaware Corporation, and SILICON VALLEY    **JUDGMENT IN FAVOR OF**
     TECHNOLOGY GROUP, INC., a Nevada            **PLAINTIFFS**
14   Corporation,

15               Plaintiffs,

16          v.                                   **Complaint Filed:** December 9, 2011

17   REIMER CHRISTIAN STUKENBROCK, an            **TRIAL DATE:**  **November 4-5, 2013**
     individual, TRUE EXOTIC, INC., a California  Trial Time:      9:00 a.m.
18   Corporation, TRUE EXOTIC, LLC, a California  Location:        Dept 6
     Corporation, and DOES 1 through 50, inclusive,
19                                               **Before the Honorable Mary E. Arand**
                 Defendants.
20
     ─────────────────────────────
21   CHRISTIAN STUKENBROCK, an individual,

22               Cross-Complainant,

23          v.

24
     GEORGE FIEGL, an individual, and ROES 1-
25   20, inclusive,

26               Cross-Defendants.

27

28

Baker & McKenzie, LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

507285-v4\PALDMS

001133

**JUDGMENT**

1

2   This action came on regularly for trial on November 4 and November 5, 2013 before this

3   Court.  Plaintiffs George Fiegl ("Fiegl"), Silicon Valley Technology Group, Inc., a Delaware

4   Corporation ("SVTG-DE"), and Silicon Valley Technology Group, Inc., a Nevada Corporation

5   ("SVTG-NV") (hereinafter collectively referred to as "Plaintiffs") appeared personally with Colin H.

6   Murray, Esq. and Keith L. Wurster, Esq. of Baker & McKenzie as trial counsel.  Defendant Reimer

7   Christian Stukenbrock ("Stukenbrock") did not appear at trial despite receiving notice from both the

8   Court and counsel for Plaintiffs.

9   A jury trial having been waived by Plaintiffs, and the Court, having considered the testimony

10  and evidence submitted by the parties, the Court's prior June 13, 2013 Final Statement of Decision

11  and Findings After Short Cause Trial, as well as the closing argument of counsel, and in view of the

12  Court's Final Statement of Findings (issued herewith), this Court finds that Plaintiff George Fiegl is

13  entitled to a **FINAL JUDGMENT** in his favor as follows:

14      1.      Special damages in the amount of **$10,563,014** against Reimer Christian Stukenbrock

15  individually for his commission of the following:  intentional misrepresentation, fraudulent

16  concealment, conversion, breach of fiduciary duty, misappropriation, securities fraud (in violation of

17  California Corporations Code §§ 25401, 25501 and 25504), the sale of unregistered shares (in

18  violation of California Corporations Code §§ 25110 and 25503), and money had and received by

19  him for use of Plaintiff Fiegl.

20      2.      Punitive damages in the amount **$21,000,000** against Reimer Christian Stukenbrock

21  individually for committing the above violations of law with oppression, malice and fraud, and for

22  engaging in a repeated pattern of reprehensible misconduct, replete with trickery and deceit.

23      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff George Fiegl

24  shall have and recover from Reimer Christian Stukenbrock the following:

25      1.      Special damages in the amount of **$10,563,014**; and,

26      2.      Punitive damages in the amount of **$21,000,000**.

27      **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**

28  Plaintiff Fiegl shall have and recover from Reimer Christian Stukenbrock his costs of suit in

1

Baker & McKenzie, LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

507285-v4\PALDMS

CASE NO. 1-11-CV-214611
PROOF OF SERVICE

001134

1  an amount to be determined upon presentation of Plaintiffs' Memorandum of Costs.

2      **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Reimer Christian

3  Stukenbrock be, and he hereby is, **PERMANENTLY ENJOINED** from soliciting investments from

4  any prospective investors, or for otherwise brokering or advising anyone in connection with

5  investments in the State of California.

6      **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a **CONSTRUCTIVE**

7  **TRUST** be, and it hereby is, imposed over any funds, assets, bank accounts, instruments, equities,

8  stocks, bonds, judgments or other financial interests owned by Reimer Christian Stukenbrock.

9      **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Reimer Christian

10  Stukenbrock shall take nothing on his Cross-Complaint, which has been dismissed with prejudice as

11  a result of his abandonment of his claims by failing to appear at the trial.

14  DATED: February 18, 2014

                              *Mary E. Arand*

15                              Honorable Mary E. Arand

16                              JUDGE OF THE SUPERIOR COURT

Baker & McKenzie, LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

507285-v4\PALDMS

CASE NO. 1-11-CV-214611
PROOF OF SERVICE

001135

# EXHIBIT T

Budaygan, Boris                                             9/9/2015

1  the same business which Adema had, but under GB
2  Star.
3        But the market went down, so that didn't
4  fly either.
5        Q.  All right.  So what happened -- where did
6  you go at that point?
7        A.  At the end?
8        Q.  This is all in 2011 basically?
9        A.  This is all 2011, yes.
10       Q.  So what happened next in your employment
11 history?
12       A.  Next what happened, yeah, then in
13 September, I believe, 2011 George asked me to help
14 him as a personal assistant with new information --
15 I mean a new situation he got in with Stukenbrock,
16 and that's what I was engaged with, since that time.
17       Q.  So from 2011 to the present time, you've
18 been working as a personal assistant to Mr. Fiegl --
19       A.  Yes.
20       Q.  -- concerning this whole Stukenbrock issue
21 and all the associated things; right?
22       A.  Yes.
23       Q.  And what specifically do you do?
24       A.  Well, it was -- when the litigation
25 started it was a lot of information coming from

38

1  he asked me to be with him.
2        Q.  So in addition to looking at records and
3  assisting with that and sometimes working with
4  counsel, you've also attended meetings; is that
5  right, with Mr. Fiegl?
6        A.  Yes.  Yes.
7        Q.  And have you also attempted to conduct
8  investigation for Mr. Fiegl concerning the
9  corporations or Mr. Stukenbrock or anyone else?
10       A.  Well, it was all in the same line as
11 litigations go.  It was not some kind of other
12 independent, whatever, research, investigation.
13       Q.  So between -- during the time that you
14 were working at Adema from 2007 to 2011, did you
15 work at all with Mr. Fiegl concerning the
16 investments that he was making with Mr. Stukenbrock?
17       A.  No.
18       Q.  Were you aware that he was making
19 investments with Mr. Stukenbrock or SVTG?
20       A.  No.
21       Q.  And for the record, it's Silicon Valley
22 Technology Group; is that right?
23       A.  Yes, as far as we know now.
24       Q.  And there are two companies that go by
25 that acronym; is that right?

40

1  subpoenas, and so it was overwhelming flux of the
2  data, so I need all kind of -- help George Fiegl to
3  sort this out.
4        Q.  Just locate documents and organize them?
5        A.  Basically the data were coming, so I was
6  just working with attorneys.
7        Q.  And when you say working with attorneys,
8  in what respect?
9        A.  To get the data and to try to sort them
10 out.
11       Q.  And when you say data, do you mean
12 information?
13       A.  Yeah, from the bank records, for...
14       Q.  An example would be bank records?
15       A.  Yes, one of the examples, yes.
16       Q.  So you would basically try to go through
17 them and put the whole puzzle together?
18       A.  Yes.
19       Q.  And your focus was on investigating
20 Mr. Stukenbrock?
21       A.  George asked me also to assist him, be
22 with him at his meetings.
23       Q.  What kind of meetings?
24       A.  Well, for example, meetings like we had
25 with Christopher Ott, or when we went to Europe, so

39

1        A.  Yeah, what we learned, there are two
2  companies that were in Nevada.
3        Q.  One in Nevada and one in Delaware; is that
4  right?
5        A.  Yes.
6        Q.  And I will start, going forward I'll refer
7  to SVTG Delaware versus SVTG Nevada as two separate
8  entities.  Are there any other SVTG entities?
9        A.  No, I -- I don't know any.
10       Q.  Is there an SVTG California entity?
11       A.  I think that -- what we learned from this
12 litigation process, it was SVTG Delaware doing
13 business in California at one point in time, but I
14 think it was forfeited.
15       Q.  And, but there's only two entities as far
16 as you know?
17       A.  Yes.
18       Q.  Now, I understand at the trial in
19 Santa Clara you gave testimony on your investigation
20 concerning these entities; you recall that?
21       A.  Right.
22       Q.  So let's go over that a little bit.  What
23 did you discover concerning SVTG Nevada?
24       MR. MURRAY:  Vague and overbroad.
25       But you can do your best to sum it up, I

41

Carol Nygard and Associates                (916) 928-8999

Electronically signed by Brandon Combs (301-170-236-3413)        796d8394-cd67-4b57-93d2-032cb03e9611

014167

Budaygan, Boris                                        9/9/2015

---

**Page 118**

1    to create, because this was money spent for SVTG.
2       Q.  And the purpose of spending that money for
3    SVTG was to recover Mr. Fiegl's investment?
4       A.  No, the purpose was SVTG is in process of
5    litigation, and so there's a -- ProTech has a
6    complaint and there was another pending litigation
7    where they took it out.
8          So basically to support, to keep this SVTG
9    capable to defend itself, I mean, that George
10   basically loaned the money for SVTG.
11      Q.  Let me see if I can understand it.
12      MR. MURRAY:  I'm just going to interpose
13   an objection.
14         These questions relate, it seems to me,
15   would be appropriate for a person most knowledgeable
16   deposition of SVTG.
17         He's being deposed in his individual
18   capacity as far as Duggan, pursuant to a third-party
19   subpoena that, as we all know, was part and parcel
20   of a settlement agreement.
21         So I'll give you some leeway, but I think
22   we're getting a little bit far afield.
23      MS. CANNATA:  And I think there was a PMK,
24   but I don't think it yielded much, as I recall.  So
25   I want to go through it just a little bit to see if

---

**Page 119**

1    he knows more about it.
2       MR. MURRAY:  Well, I'll give you some
3    leeway, but I think --
4       MS. CANNATA:  He's the other board member,
5    and there's only two I can ask.
6       MR. MURRAY:  He is, but this isn't a PMK
7    deposition.  This is -- you're asking --
8       MS. CANNATA:  I'm asking his personal
9    knowledge as a board member.
10      MR. MURRAY:  Right, and that's fine, but
11   some of the questions are being phrased in a manner,
12   or responded to in a manner that --
13      MS. CANNATA:  I'll make sure I phrase it
14   -- sure.
15      Q.  I'm asking you for what you know or what
16   you've been told.  And discovery is broad.  It means
17   that it doesn't have to be something you know
18   directly but something that you heard from someone
19   else.
20         So my question is, with respect to this
21   $1.5 million promissory note in favor of Mr. Fiegl
22   that went -- that was spent by Mr. Fiegl in
23   connection with the SVTG litigation; is that right?
24      A.  Yes.
25      Q.  And why did Mr. Fiegl spend -- if he told

---

**Page 120**

1    you -- and you were assisting him in these
2    litigations; right?  You were assisting him in the
3    litigations?
4       A.  Yes.
5       Q.  So you were familiar with what Mr. Fiegl
6    and you were doing with your attorneys in these
7    litigations?
8       A.  Yes, but -- yeah.
9       Q.  And the purpose of the litigations was to
10   assist Mr. Fiegl in getting control of SVTG; is that
11   right?
12      A.  The purpose of this litigation, the whole
13   litigation, was not that SVTG as a target.  It was
14   to see where the funds which George invested with
15   Stukenbrock, where the money go, and get -- that was
16   the purpose.
17         SVTG basically has a zero value by itself.
18      Q.  So it's to trace the funds that Mr. Fiegl
19   gave to Mr. Stukenbrock?  Figure out where --
20      A.  Yes, that was the whole point, yes.
21      Q.  And getting control of SVTG would assist
22   you in tracing that money?
23      A.  Yes, and nothing more.
24      Q.  You mentioned this German corporation that
25   has biomedical equipment, dialysis equipment.  Who

---

**Page 121**

1    owns this -- which company, which entity owns the
2    stock of that company?
3       MR. MURRAY:  You mean Nevada or Delaware?
4       MS. CANNATA:  Yes.  Thank you for
5    clarifying that.
6       THE WITNESS:  Yes, it actually difficult
7    to answer just by the fact that Stukenbrock didn't
8    do any due diligence or pay attention or really put
9    some kind of efforts to distinguish these two
10   corporations.
11         In it everything -- it's all mixed up.
12   Whatever his stock purchase agreement he created
13   with George said something, and with the companies
14   he invested it says different.  I mean, he didn't
15   pay real attention.
16   BY MS. CANNATA:
17      Q.  So Mr. Stukenbrock, who controlled the
18   Nevada and the Delaware SVTG companies, disregarded
19   the difference between the two for the most part?
20      A.  Right.  That's what he was doing.
21      Q.  So it's hard to know what company owns
22   which assets at this time, to the extent that there
23   are assets?
24      A.  Yeah, it's not really structured, yes.
25      Q.  And I guess my -- the same question would

---

Carol Nygard and Associates                (916)  928-8999

31

014187

Electronically signed by Brandon Combs (301-170-236-3413)                    796d8394-cd67-4b57-93d2-032cb03e9611