Matthew J. Jacobs (SBN 171149)
  mjacobs@velaw.com
Erica Connolly (SBN 288822)
  econnolly@velaw.com
Adam Crider (SBN 305526)
  acrider@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900
Facsimile: (415) 651-8786

Jennifer S. Freel (admitted *pro hac vice*)
  jfreel@velaw.com
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: (512) 542-8535
Facsimile: (512) 236-3200

Attorneys for Defendant
Christian Reimer Stukenbrock

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>CHRISTIAN REIMER STUKENBROCK,<br><br>  Defendant. | Case No. CR-15-00034-EJD (VKD)<br><br>**NOTICE OF MOTION AND DEFENDANT CHRISTIAN STUKENBROCK'S MOTION IN LIMINE NO. 5; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Judge:  Hon. Edward J. Davila<br>Date:   November 27, 2018<br>Time:   9:00 a.m.<br>Dept.:  Courtroom 4 |

**NOTICE OF MOTIONS IN LIMINE AND MOTION**

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT on November 27, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Edward J. Davila, Defendant Christian Stukenbrock will and hereby does move the Court for an order to prevent the government from making reference to, commenting upon, introducing any evidence or testimony concerning, or presenting any argument regarding purported inappropriate romantic relationships involving Stukenbrock (**Motion in Limine No. 5**).

This motion is supported by the attached memorandum of points and authorities; the files and records in this case; and such evidence or argument presented at a hearing on this matter.

VINSON & ELKINS LLP

Dated: November 25, 2018            By:  */s/ Erica Connolly*
                                         Erica Connolly
                                         Attorney for Defendant
                                         CHRISTIAN REIMER STUKENBROCK

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The government intends to call witnesses at trial who have given statements alleging extramarital relations regarding Stukenbrock. For example, one witness told the FBI—in a statement disclosed last week—that "Stukenbrock's girlfriends would come to True Exotic for cars." Bates 022852-03. A different witness relayed that Stukenbrock "has brought a variety of different women to" meetings with the witness and that the witness was "unsure if Stukenbrock has had ongoing affairs with women or if he utilizes an escort service." Bates 00106-001099. Yet another witness claimed to have "heard rumors that Stukenbrock often stays with a girlfriend in the Los Angeles area." Bates 000835-000837.

In addition, today—two days before trial—the government filed an amended witness list that suggests another witness, Audrey Stocks, may present testimony about a romantic relationship she had with Stukenbrock. Dkt. No. 190 at 3. To date, Stukenbrock's counsel has not received discovery concerning Stocks's potential testimony, and there is no FBI 302 for an interview with her. Despite investigating Stukenbrock for seven years, it appears the FBI is just now talking to Stocks. The government appears to be resorting to last-minute smear tactics aimed at distracting the jury from the true issues in this case.

This case concerns whether "a single defendant (Stukenbrock)" defrauded "a single victim" (George Fiegl) in connection with Fiegl's investments in Stukenbrock's venture capital firm and has nothing to do with Stukenbrock's domestic relations. Dkt. No. 135 at 2 (USA Resp. to Mot. for Bill of Particulars). Accordingly, evidence of Stukenbrock's purported extramarital affairs is inadmissible under Rules 402, 403, and 404(b). For the reasons set forth below, Stukenbrock requests that the Court issue an order to prevent the government from making reference to, commenting upon, introducing any evidence or testimony concerning, or presenting any argument regarding his alleged extramarital relations.

**II.    LEGAL STANDARD**

Motions in limine are "designed 'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971

CW, 2014 WL 4090550, at *6 (N.D. Cal. Aug. 19, 2014) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n,* 563 F.Supp.2d 508, 532 (D.N.J. 2008)).  They are appropriate where, as here, the "mere mention of the evidence during trial would be highly prejudicial and would not be remedied by an instruction to disregard."  *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) (quoting *Black's Law Dictionary* 1109 (9th Ed.)).  When ruling on motions in limine, the Court has "broad discretion."  *Id.*

### III. THE COURT SHOULD EXCLUDE EVIDENCE OF STUKENBROCK'S EXTRAMARITAL RELATIONS [M.I.L. NO. 5]

Stukenbrock's purported extramarital relations are not relevant to the charges in the indictment, and references to any such relations would be unfairly prejudicial.  Any testimony or evidence regarding Stukenbrock's alleged affairs would be an impermissible attempt to impugn his character.  Accordingly, Stukenbrock requests, pursuant to Fed. R. Evid. 402, 403 and 404(b), that references to his alleged extramarital relations be excluded.

Rule 402 requires evidence to be relevant to be admissible. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Here, the indictment charges Stukenbrock with nine counts of wire fraud.  To prevail on its charges, the government must prove "(1) a scheme to defraud; (2) use of the wires in furtherance of scheme; and (3) a specific intent to deceive or defraud." *United States v. Shipsey*, 363 F.3d 962, 971 (9th Cir. 2004).  Stukenbrock's alleged extramarital relations bear no relevance to these elements.  The core of this case is Fiegl's credibility regarding whether Stukenbrock made the alleged promises that Fiegl claims—Stukenbrock's purported extramarital relationships do not make the answer to that question any more or less probable.  *See McCoy v. Kazi*, No. CV0807244SJOCWX, 2010 WL 11465179, at *3 (C.D. Cal. Aug. 27, 2010) (finding that evidence of defendant's "extramarital affairs" was "irrelevant under Federal Rules of Evidence 401 and 402" in a shareholder derivative suit alleging corporate mismanagement).

But even if Stukenbrock's alleged extramarital relations were in some way relevant to the charges, references to such relations invites unfair prejudice that substantially outweighs any

probative value that they might provide.  *See* Fed. R. Evid. 403.  The risk that the jury would want to punish Stukenbrock because of these purported extramarital affairs far outweighs any probative value such evidence might have.  Moreover, if the government presents evidence of Stukenbrock's purported affairs, the defense would have to present rebuttal evidence causing undue delay and distracting the jury from the key issue in the case.  Given this balance, Stukenbrock's purported extramarital affairs should be excluded under Fed. R. Evid. 403.  *Kazi*, 2010 WL 11465179, at *3 (concluding that "[e]ven if evidence of the alleged affairs . . . were relevant, its probative value would be substantially outweighed by unfair prejudice.").

Finally, evidence of Stukenbrock's purported extramarital affairs is inadmissible propensity evidence under Fed. R. Evid. 404(b).  Under Rule 404(b), "other acts" evidence "may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged."  *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).  Evidence of Stukenbrock's alleged extramarital relationships would not tend to prove a material point in this wire fraud case—that is, whether Stukenbrock made material misrepresentations to Fiegl in connection with Fiegl's investments in SVTG.  Nor is such evidence "similar to the offense charged" such that it would be admissible to prove knowledge or intent.  Because no exception applies to this otherwise inadmissible character evidence, it should be excluded.  *See United States v. Bistrup*, 449 F.3d 873, 882 (8th Cir. 2006) (concluding that evidence of an "extramarital affair" was not admissible under the exceptions to Rule 404(b) in a fraud case).

## IV. CONCLUSION

Based on the reasons above, Stukenbrock respectfully requests an order to prevent the government from making reference to, commenting upon, introducing any evidence or testimony concerning, or presenting any argument regarding his purported extramarital relation.

| | | |
|---|---|---|
|1| |VINSON & ELKINS LLP|
|2|Dated: November 25, 2018|By: */s/ Erica Connolly*|
|3| |Erica Connolly|
| | |Attorney for Defendant|
|4| |CHRISTIAN REIMER STUKENBROCK|

4

Matthew J. Jacobs (SBN 171149)
  mjacobs@velaw.com
Erica Connolly (SBN 288822)
  econnolly@velaw.com
Adam Crider (SBN 305526)
  acrider@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900
Facsimile: (415) 651-8786

Jennifer S. Freel (admitted *pro hac vice*)
  jfreel@velaw.com
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: (512) 542-8535
Facsimile: (512) 236-3200

Attorneys for Defendant
Christian Reimer Stukenbrock

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CHRISTIAN REIMER STUKENBROCK,<br><br>　　　　　　　　Defendant. | Case No. CR-15-00034-EJD (VKD)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CHRISTIAN STUKENBROCK'S MOTION IN LIMINE NO. 5** |

　　　UPON CONSIDERATION of Defendant Christian Stukenbrock's Motion in Limine No. 5 (the "Motion"), accompanying Memorandum of Points and Authorities and declaration of counsel in support thereof, and the argument of counsel, and it appearing to the Court this Motion should be GRANTED,

//

//

1  IT IS HEREBY ORDERED that Defendant's Motion in Limine No. 5 is GRANTED.  The
2 government is precluded from introducing any evidence regarding Mr. Stukenbrock's alleged
3 extramarital relationships.
4
5  **IT IS SO ORDERED.**
6 DATE: _____                    _____
7                                             Hon. Edward J. Davila
                                              United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 25, 2018, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice as service of this document by electronic means.

Dated: November 25, 2018                    By:  */s/ Erica Connolly*
                                                 Erica Connolly
                                                 Attorney for Defendant
                                                 CHRISTIAN REIMER STUKENBROCK

POS                                                                CASE No. CR-15-00034 EJD (VKD)
US 5952221v.1